Bevis, J.
 

 For the purpose of this opinion the facts, as set forth in the pleadings, and as stated to the jury, must be taken as true.
 

 The theory of the plaintiff’s case is as follows:
 

 (a) Tesnow was an employee of the defendant company, and at the time of the accident was engaged in his master’s business and acting within the scope of his employment.
 

 (b) In stepping from the left side of his parked car, and, without looking for traffic, starting across the street into the path of an approaching machine close upon him, he failed to exercise the care required by his duty toward other persons upon the street, including the plaintiff’s decedent.
 

 (c) That such failure in the exercise of due care was the proximate cause of the injury to the plaintiff’s decedent.
 

 Each part of above contention is controverted by the defendant.
 

 The first point gives us no trouble. Tesnow was employed by the defendant to read meters. He had driven in his car from a building where he read a meter to the point where he parked the machine, and was on his way from that point to a building across the street, where he intended to read another meter. He was upon his master’s business; he was within the scope of his employment. By every criterion the rule of
 
 respondeat superior
 
 applies. It can make no difference that he was not then driving his master’s car or
 
 *338
 
 using any other instrumentality belonging to his employer.
 
 Pickens
 
 v.
 
 Diecker,
 
 21 Ohio St., 212, 8 Am. Rep., 55; 29 Ohio Jurisprudence, 598.
 

 The second question, whether upon the facts shown there was a breach of duty toward the plaintiff’s decedent, was, in our opinion, for the jury.
 

 It is not claimed that Tesnow violated any statute or ordinance. His conduct, therefore, must be tested by the common-law rules of negligence as they exist in Ohio. Negligence is the failure to exercise that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances. Davi
 
 son
 
 v.
 
 Flowers,
 
 123 Ohio St., 89, 174 N. E., 137; 29 Ohio Jurisprudence, 383. But before failure to use such care can be made the basis for recovery it must appear that the plaintiff falls within the class of persons to whom a duty of care was owing.
 
 Harriman
 
 v.
 
 Ry. Co.,
 
 45 Ohio St., 11, 20, 12 N. E., 451, 4 Am. St. Rep., 507;
 
 Burdick
 
 v.
 
 Cheadle,
 
 26 Ohio St., 393, 20 Am. Rep., 767; 29 Ohio Jurisprudence, 385. It is not enough that Tesnow was bound to look out for himself, or was under a duty to exercise care for the safety of persons other than the plaintiff’s decedent.
 

 In delimiting the scope of duty to exercise care, regard must be had for the probability that injury may result from the act complained of. No one is bound to take care to prevent consequences, which, in the light of human experience, are beyond the range of probability. Only when the injured person comes within the circle of those to whom injury may reasonably be anticipated does the defendant owe him a duty of care.
 
 Drew
 
 v.
 
 Gross,
 
 112 Ohio St., 485, 489, 147 N. E., 757;
 
 Ford
 
 v.
 
 Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.,
 
 107 Ohio St., 100, 140 N. E., 664; 29 Ohio Jurisprudence, 419, 420.
 

 It is not necessary, however, that injury to the plaintiff, himself, be foreseeable. It is enough that the act in question may, in human probability, produce harm
 
 *339
 
 to persons similarly situated. Nor is it necessary that the defendant, himself, actually anticipate or foresee the probability of injury to anyone. It is enough that the probability of injury to those in the plaintiff’s general situation should have been perceived by a reasonably prudent and careful person.
 
 Lane
 
 v.
 
 Atlantic Works,
 
 111 Mass., 136;
 
 Toledo Railways & Light Co.
 
 v.
 
 Rippon,
 
 8 C. C. (N. S.), 334, 18 C. D., 561, affirmed without opinion, 75 Ohio St., 609, 80 N. E., 1133;
 
 Harriman
 
 v.
 
 Ry. Co., supra,
 
 at page 36.
 

 Tested by these principles, it is, in our opinion, impossible to say as a matter of law that Tesnow was free from negligence. Common experience attests the danger of stepping from the left side of a parked car directly into a heavily traveled street. Common experience likewise gives daily warning of the danger of crossing such a street in traffic without looking for the approach of vehicles. It is for the jury to say whether any reasonably careful and prudent person might be expected to know that his sudden and unexpected appearance in such a street in front of an oncoming car would probably cause its driver to take emergency action to avoid striking him, emergency action which might consist in swerving into another lane of traffic with a consequent collision.
 

 In our opinion it was for the jury to say whether, under the facts stated, the plaintiff’s decedent fell within the range of Tesnow’s duty of care, and whether that duty was fulfilled.
 
 Adams
 
 v.
 
 Young,
 
 44 Ohio St., 80, 4 N. E., 599, 58 Am. Rep., 789;
 
 Drew
 
 v.
 
 Gross, supra.
 

 Third. If Tesnow was guilty of negligence, was such negligence the proximate cause of the injury complained of? The law, in determining liability' for harm done, refuses to follow the logical chain of causation beyond what it regards as the direct or proximate cause.
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Wheeling, Parkersburg & Cincinnati Transportation Co.,
 
 32 Ohio St., 116. “Proximate” in this connection is used in con
 
 *340
 
 tradistinction to the term “remote.” The maxim,
 
 “In jure non remota causa sect próxima spectatur”,
 
 was accepted as law in the time.of Lord Bacon. “It were infinite,” said he, “for the law to judge of the causes of causes, and their impulsions one of another; therefore, it contenteth it selfe with the immediate cause, and judgeth of acts by that, without looking to any further degree.” While the precise meaning of this classical statement has never perhaps been entirely clear, and much refinement of detail has been wrought into the doctrine since it was written, the general principle enunciated has never been abandoned. Not only do the practical limitations of judicial administration prohibit the attempt to follow backward to the end this “infinite” series of causes; but the object of the judicial search is the breach of a legal duty to the person injured by a responsible human agent. It is idle to prosecute the search beyond those from whom a duty is owing. This consideration has led a majority of the courts to the adoption of the rule that a tort-feasor can be held legally responsible only for the probable consequences of his act.
 
 Hoag
 
 v.
 
 Lakeshore & M. S. Rd. Co.,
 
 85 Pa., 293, 27 Am. Rep., 653;
 
 Crane Co.
 
 v.
 
 Busdieker,
 
 255 F., 664;
 
 Davis
 
 v.
 
 Schroeder,
 
 291 F., 47;
 
 Milwaukee Ry. Co.
 
 v.
 
 Kellogg,
 
 94 U. S., 469, 24 L. Ed., 256. The subject has been much labored, both by courts and by the writers of text books and articles, and many phrases have been propounded as the correct expression of the basic idea: “Natural and probable”; “natural and proximate”; “proximate and probable”; “direct and natural”; these and many other phrases have been used to describe the consequences for which compensation is sought. By “probable”, however, is not meant “more likely than not”, but rather “not unlikely”, or “such a chance of harm as would induce a prudent man not to run the risk; such a chance of harmful result that a prudent man would foresee an appreciable risk that some harm
 
 *341
 
 ■would happen.” 25 Harvard Law Review, 103, 116; 33 Canada Law Journal, 717;
 
 Gilson
 
 v.
 
 Delaware & Hudson Canal Co.
 
 [65 Vt., 213, 26 A., 70], 36 Am. St. Rep., 802, note at pages 808 and 809.
 

 Was the collision between the Ferencz car and that of the plaintiff’s decedent a consequence legally traceable to the alleged, heedless act of Tesnow in stepping in front of the Ferencz car? Much of what was said upon the second point,
 
 supra,
 
 becomes applicable here. The jury should have been allowed to pass upon the question whether the probability that such collision would result from such an act should have occurred' to the mind of a reasonably prudent and careful person.
 

 There remains, however, one further point. Was the chain of causation broken by the independent act of Ferencz in deflecting the course of his car? Cases may be found to the effect that the volitional act of a human being midway in the logical chain of cause and effect breaks the legal nexus and prevents recovery.
 
 Pittsburgh Reduction Co.
 
 v.
 
 Horton,
 
 87 Ark., 576, 113 S. W., 647. But by the great weight of authority the effect of a wrongful act may be traced through the conduct of a human being into the consequence complained of, if the probability of such result should have been anticipated by the mind of a reasonably prudent and careful person.
 
 Mouse
 
 v.
 
 Central Savings & Trust Co.,
 
 120 Ohio St., 599, 167 N. E., 868;
 
 Harriman
 
 v.
 
 Ry. Co., supra; Brunnworth v. Kerens-Donnewald Coal Co.,
 
 260 Ill., 202, 103 N. E., 178;
 
 Farnon
 
 v.
 
 Silver King Coalition Mines Co.,
 
 50 Utah, 295, 167 P., 675, 9 A. L. R., 248. This question, therefore, becomes but a corollary of the principal inquiry: Was the collision a probable consequence of Tesnow’s act?
 

 In our opinion, for the foregoing reasons, the petition and the opening statement of counsel made a case to go to the jury. The judgment of the Court of Appeals, therefore, will be reversed and the cause re
 
 *342
 
 manded to the. Court of Common Pleas for further procedure in accordance with this opinion.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Jones, Matthias and Zimmerman, JJ., concur.