*203
 
 Taft, J.,
 

 concurring. Unlike in the case of
 
 Mt. Nebo Baptist Church
 
 v.
 
 Cleveland Crafts Co., ante,
 
 185, the evidence as to the accident in the instant case was, in my opinion, such as to justify a finding by reasonable minds that the driver was an incompetent driver. Therefore, if there had been no substantial deviation by Reynolds beyond the scope of his permission to operate the truck, I would dissent from the judgment for the reasons stated in my concurring opinion in the
 
 Mt. Nebo case.
 
 However, the undisputed evidence discloses that the plaintiff’s injuries were caused by operation of defendant’s truck at the time of a very substantial deviation from the limited permission to use it which defendant had given to Reynolds.
 

 If the defendant, when he loaned his truck to Reynolds, could not reasonably have foreseen the use of that truck by Reynolds at the time when plaintiff was injured, then the entrustment of the truck to Reynolds could not have been a proximate cause of the plaintiff’s injuries. See
 
 Gideon, Admr.,
 
 v.
 
 East Ohio Gas Co.,
 
 128 Ohio St., 335, 190 N. E., 924.
 

 There was no evidence which would justify a finding by reasonable minds that, when the defendant loaned his truck to Reynolds in midafternoon to make a delivery a block and a half away and instructed him to immediately return it to defendant’s parking lot, defendant could reasonably have foreseen the use of that truck by Reynolds when plaintiff was injured at 8 p. m.
 

 It would seem obvious that, when an owner entrusts his property to another for a limited use, while the owner may reasonably anticipate some abuse of the privilege which he has granted, he does not reasonably anticipate a substantial abuse of that privilege.
 

 Of course, if the entrustee either appears to or is known by the owner to be one who cannot reasonably be trusted, the owner may reasonably be expected to anticipate a substantial abuse of the privilege. How
 
 *204
 
 ever, there was no evidence tending to prove that, at or before defendant loaned the truck to Reynolds, Reynolds either appeared to or was known by defendant to be one who could not reasonably be trusted.
 

 1 cannot fully agree with the conclusion announced in paragraph four of the syllabus or with what is said in the majority opinion in support of those conclusions.
 

 For example, I do not believe that “the owner * * * should be held to anticipate * * * that” his vehicle “may be operated beyond the scope of the permission given,” where it has been loaned to one whom the owner reasonably believes to be an honest person, merely because the owner knows that such person is “an incompetent driver.”
 

 In many but certainly not in all instances, evidence tending to prove that the owner knew a driver to be incompetent will also tend to prove that he knew such driver was a person who could not reasonably be trusted.
 

 However, an incompetent driver is not necessarily a dishonest person. For example, it is obvious that one who is physically disabled may be completely trustworthy.