## Marcum v. White
*[Cite as 6 AOA 81]*

Case No. 1928
Lawrence County, (4th)
Decided August 22, 1990

*Donald R. Capper, Proctorville, Ohio, for Appellant.*

*Jeffrey M. Smith, Klein, Smith & Klein, Ironton, Ohio, for Appellees.*

HARSHA, J.

This matter is before us on appeal from the judgment of the Lawrence County Court of Common Pleas rendering summary judgment in favor of Michael E. and Donald White, appellees. The judgment satisfies the requirements of Civ. R. 54(B) and R.C. 2505.02, and thereby, constitutes a final, appealable order.

Appellant raises the following as her sole assignment of error:
THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANTS AS THE DEFENDANTS WERE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.

A. MICHAEL's negligence violated a duty of due care to IMOGENE.

B. MICHAEL's negligence was the proximate cause of IMOGENE's injuries.

C. DONALD was negligent in the entrustment of his vehicle to MICHAEL.

Both parties agree as to the underlying facts of this case. Michael had been at a club in Huntington, West Virginia during the evening hours of September 15, 1988. He left the club at midnight; however, he continued to socialize with a number of his friends until approximately 3:00 A.M. At that time, he left Huntington to return to his parents' home in South Point, Ohio. While enroute, he fell asleep causing his vehicle to leave County Road 1. The vehicle traveled through several yards, turned over two or three times, and struck a utility pole, clipping it off. The vehicle came to rest some distance beyond the utility pole.

Appellant, Imogene Marcum, was living in South Point, in a mobile home located on County Road 1. During the evening hours of September 15, 1988, Imogene had watched television in her living room until midnight. After turning off the television and all the lights except for several night lights located throughout the home, appellant fell asleep on the couch. She was asleep for some time when she was awaken by a noise. She looked out her bay window in the kitchen and saw a "fireball." She also heard a popping sound. The fire appeared to be in front of and near her home. Appellant thought her home either was on fire or in danger of catching on fire. She was frightened and tried to leave the mobile home, which was dark since electricity had been interrupted by the accident. While trying to leave the darkened trailer, appellant tripped over the coffee table. Appellant lay on the floor of the mobile home for six hours before she was found by her brother. As a result of the fall, appellant suffered a broken hip and had to undergo hip replacement surgery.

Summary judgment may be granted pursuant to Civ. R. 56(C) when the trial court properly finds that:

1) no genuine issue as to any material fact remains to be litigated;

2) the moving party is entitled to judgment as a matter of law; and

3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64.

To maintain a viable action in negligence, a plaintiff must demonstrate the existence of a duty, a breach of that duty, and an injury proximately caused by the breach. *DiGildo v. Caponi* (1969), 18 Ohio St. 2d 125. The supreme court in *Jeffers v. Olexo* (1989), 43 Ohio St. 3d 140, has determined that the issue of whether an actor owes a duty of care to another may properly be decided in a motion for summary judgment. It is critical to ascertain whether a duty exists since "[a] person's failure to exercise ordinary care in doing or failing to do something will not amount to actionable negligence unless such person owed to someone injured by such failure, a duty to exercise such ordinary care." *United States Fire Ins. Co. v. Paramount Fur Service, Inc.* (1959), 168 Ohio St. 431, paragraph three of the syllabus. See also, *Jeffers v. Olexo, supra,* at 142 (where there is no obligation of care or caution, there can be no actionable negligence).

In a lengthy opinion addressing this issue, the supreme court held:

"Whether a duty exists depends largely on the foreseeability of the injury to one in the plaintiff's position. '*** Only when the injured person comes within the circle of those to whom injury may reasonably be anticipated does the defendant owe him a duty of care. *Drew v. Gross,* 112 Ohio St. 485, 489, 147 N.E., 757; *Ford v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.,* 107 Ohio St., 100, 140 N.E., 664; 29 Ohio Jurisprudence, 419, 420.' *Gedeon v. East Ohio Gas Co.* (1934), 128 Ohio St. 335, 338, 190 N.E. 924, 926; 70 Ohio Jurisprudence 3d (1986) 51, Negligence, Section 11.

"'*** If the actor's conduct creates such a recognizable risk of harm only to a particular class of persons, the fact that it in fact causes harm to a person of a different class, to whom the actor could not reasonably have anticipated injury, does not make the actor liable to the persons so injured.'" 2 Restatement of the Law 2d, Torts (1965), Section 281, Comment c." *Jeffers, supra* at 142.

"The common-law duty of care is that degree of care which an ordinarily reasonable and prudent person exercises, or is accustomed to exercising, under the same or similar circumstances." *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318.

Foreseeability of harm usually depends on the defendant's knowledge. *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77. In *Clemets v. Heston* (1985), 20 Ohio App. 3d 132, 138, the appellate court held that a defendant had "no duty to prevent that which he could not have reasonably foreseen ***." In *Gedeon, supra,* at 338, the supreme court held:

"In delimiting the scope of duty to exercise care, regard must be had for the probability that injury may result from the act complained of. No one is bound to take care to prevent consequences, which, in the light of human experience, are beyond the range of probability."

Based upon the foregoing analysis, the trial court had to determine whether a reasonably prudent person would have anticipated that his action in falling asleep and running into a utility pole would have resulted in an injury such as the one suffered by appellant. Even though appellee-driver admitted that he drove his vehicle in an unsafe manner, his conduct will not amount to actionable negligence unless appellee-driver owed a duty of care to appellant. The trial court properly held that appellee-driver was outside the circle of those to whom injury may be reasonably anticipated. Appellee-driver had no duty to prevent that which he could not have reasonably foreseen. Appellee-driver could not have reasonably foreseen that appellant, upon hearing the crash and seeing a blaze, would have mistakenly believed that her mobile home was on fire, especially in light of the fact that the accident occurred across the road and away from her home. Further, appellee-driver could not foresee that appellant, in her fright, would attempt to rush out of her home and, in her haste in the darkness caused by the power interruption, trip over a table causing her to fall and fracture a hip.

Appellant also contends that summary judgment was not proper since appellee-driver's negligence proximately caused appellant's injuries. There appellee-driver does not owe a duty of care to appellant, a viable negligence action has not been maintained. Therefore, the trial court did not have to address the issue of proximate cause. Also, as stated in *Mussivand v. David, supra* at 321, "in order to establish proximate cause, foreseeability must be found." As discussed above, appellant's injuries could not be foreseen. Therefore, appellant cannot establish

that appellee driver's negligence proximately caused her injuries.

Appellant finally asserts that the trial court erred in granting summary judgment to appellees on the issue of negligent entrustment. The rule regarding liability for negligent entrustment is stated as follows:

"The owner of a motor vehicle may be held liable for an injury to a third person upon the ground of negligence if the owner knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation to an inexperienced or incompetent operator whose negligent operation results in the injury." *Gulla v. Straus* (1950), 154 Ohio St. 193, paragraph three of the syllabus. Under this theory, liability arises from the combined negligence of the owner of the automobile and the driver of the automobile. To recover, a plaintiff bears the burden of proving that the owner was negligent in entrusting the vehicle to an incompetent' driver and that the driver negligently operated the vehicle thereby causing the underlying injury. *Williamson v. Eclipse Motor Lines, Inc.* (1945), 145 Ohio St. 467, 471; *Clark v. Stewart* (1933), 126 Ohio St. 263, 276.

As stated in our earlier discussion, appellant failed to carry her burden of proving that appellee-driver's actions constituted negligence as to appellant. Appellant failed to demonstrate that appellee-driver owed a duty of care to appellant and that her injuries were proximately caused by appellee-driver. If appellant is unable to prove that appellee-driver owed a duty of care to appellant, she is also unable to proceed on a negligent entrustment action.

Even if appellant had been able to prove that appellee-driver was negligent, she still had to prove that appellee-owner negligently entrusted his automobile to the driver.

"Such liability does not arise out of the relationship of the parties, but from the act of entrustment of the motor vehicle, with permission to operate the same, to one whose incompetency, inexperience or recklessness is known or should have been known by the owner. To give rise to such liability, it is essential that it be shown by competent evidence that the owner had knowledge of the driver's incompetency, inexperience or reckless tendency as an operator, or that the owner, in the exercise of ordinary care, should have known thereof from facts and circumstances with which he was acquainted." *Williamson v. Eclipse Motor Lines, Inc.* (1945), 145 Ohio St. 467.

See also, *Gulla v. Straus* (1950), 154 Ohio St. 193; *Manning v. Wilmot* (1985), 29 Ohio App. 3d 94. Appellant did not present any evidence that Donald knew or should have known that Michael was an inexperienced or incompetent driver. It is uncontroverted that Michael had been cited for and admitted to driving a vehicle while under the influence of alcohol while he was a minor. This was the first traffic ticket he had received. Michael had not been charged with any driving violation during the year between being cited for OMVI and this accident. After Michael was charged with OMVI in November, 1987, Donald suspended Michael's driving privileges for four months and told him that he was not allowed to drive after he had been drinking. Further, in relation to this accident, Michael was not charged with an alcohol-related driving offense. There was no evidence given by appellant that Donald knew or should have known that Michael would fall asleep while on his way home. Since no evidence was submitted which tended to prove that Michael was so incompetent or inexperienced as a driver to convert an automobile under his control into a dangerous instrumentality or that he tended to drive recklessly, the trial court properly granted summary judgment.

Appellant's assignment of error is overruled.

STEPHENSON, J., concurs in judgment and opinion.

ABELE, P.J., concurs in judgment and opinion.