Plaintiff-appellant Stephanie Walters ("appellant") appeals from the grant of summary judgment in favor of defendants-appellees Hawken School and Bruce Carr in an action brought for negligent hiring, supervision, and retention.
Appellant assigns the following error for review:
 I. THE TRIAL COURT ERRED BY GRANTING THE JOINT MOTION FOR SUMMARY JUDGMENT OF THE DEFENDANTS-APPELLEES, HAWKEN SCHOOL AND BRUCE CARR.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On August 16, 1996, appellant filed a complaint for negligence, negligence in hiring, negligence in failing to report sexual abuse and negligence in retention, naming as defendants Hawken School, Kevin Mathews, and Bruce Carr. The suit stemmed from an incident which occurred in March of 1992 when the then fifteen-year old appellant was enrolled as a student at Hawken. The complaint averred that Mathews engaged in unlawful sexual relations with appellant, causing her severe emotional distress.
In 1991, Hawken School hired Kevin Mathews as a physics teacher and to be in charge of computer operations. At some point during the late fall or early winter, Mathews became friendly with Lisa Pak, a student at Hawken School. Mathews admitted to hugging and kissing Pak once at a park. Apparently uncomfortable with Mathews' attentions, Pak approached Nadja Deighan, the Coordinator of Advising at Hawken. Pak told Deighan in confidence that Mathews was behaving inappropriately by calling her at home and asking to take Pak out. Deighan went to Dr. Carr, the Director of the School, about the problem. Deighan informed Carr that Mathews was making a student uncomfortable by offering her rides home. Carr spoke to Mathews about the matter and advised Mathews to maintain a professional demeanor and distance. There were no other reports of inappropriate conduct between Mathews and any students prior to March of 1992.
March 5 through 7, 1992, found appellant and Mathews in Dayton for a debate tournament. Appellant and some fellow Hawken students were participating in the state championship. Mathews' duties were to chaperone and drive one of the school's vans. Appellant had not spoken to Mathews before that weekend. Appellant and Mathews conversed at a gathering in another student's hotel room. Appellant averred Mathews made the comment that he would take her to various bars upon their return to Cleveland. No physical contact occurred between appellant and Mathews in Dayton.
Appellant returned to Hawken School in the van driven by Mathews. Although she had arranged for a ride home with a fellow student, appellant went home in Mathews' car after he again renewed his offer to take her "bar-hopping." Mathews dropped another student off before he and appellant proceeded to appellant's home. Appellant's parents were not home at the time. Mathews assisted appellant with carrying her luggage. Upon entering the home, Mathews expressed the desire to see appellant's bedroom. While in appellant's bedroom, Mathews proceeded to have unlawful sexual relations with appellant.
Soon after Mathews departed from appellant's home, two friends and classmates of appellant arrived. Appellant told them of the incident with Mathews. One friend advised appellant to tell her parents or an adult. Appellant did not follow the advice. She never informed any teacher or advisor at Hawken School about what had happened. A number of the students at Hawken were aware of the incident and appellant assumed that the teachers and administrators also knew because of the small size of the school. Hawken School accepted Mathew's resignation in November of 1992 after he made several sexually suggestive statements to another female student near the Arabica coffee shop.
Appellant finally told her parents what had happened in February of 1996, four years after the occurrence. As a result, Mathews was indicted for three counts of corruption of a minor and one count of sexual battery. Mathews pled guilty to one count of corruption of a minor and one count of sexual battery. He was sentenced to eighteen months in prison but released on shock probation a little after serving one month.
Hawken School and Dr. Bruce Carr filed a joint motion for summary judgment in which they argued there was no evidence supporting appellant's causes of action. The defendants asserted that there was no information available which would have alerted them to the possibility that Mathews would engage in sexual relations with a student. Appellant countered by stating there was a question of fact that Mathews' conduct was foreseeable based on Mathews' actions with Lisa Pak. The trial court granted the defendants' motion for summary judgment. Mathews eventually was dismissed without prejudice from the lawsuit. This appeal follows.
 II.
In her assignment of error, appellant contends that the trial court erroneously granted summary judgment in favor of Hawken School and Bruce Carr. Appellant argues that she presented evidence of such a quality that genuine issues of disputed material fact were established. Appellant only argues her negligent retention claim against the defendants. Therefore, the remaining causes of action raised in appellant's complaint will not be addressed upon appeal and stand as final orders from which no appeal has been taken.
This case was decided by summary judgment. Civ.R. 56(C) provides that summary judgment is proper if the trial court determines that:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Summary judgment is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1. Summary judgment is not appropriate where the facts are subject to reasonable dispute when viewed in a light favorable to the nonmoving party. Mers v. Dispatch Printing Co. (1985), 19 Ohio St.3d 100,104. The moving party is entitled to summary judgment if the nonmoving party fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.Celotex Corp v. Catrett (1986), 477 U.S. 317, 322. The moving party must be able to point to some evidence which is listed under Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party lacks evidence to support the nonmoving party's claim. If the moving party satisfies this initial burden, then the nonmoving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party does not respond, then summary judgment should be entered for the moving party if appropriate. Dresherv. Burt (1996), 75 Ohio St.3d 280.
In order to defeat a motion for summary judgment brought in a negligence action, a plaintiff must identify a duty owed to her by the defendants. The evidence must be sufficient when considered most favorably to the plaintiff to allow reasonable minds to infer that the duty was breached, that the breach of that duty was the proximate cause of the plaintiff's injury and that the plaintiff was injured. Feichtner v. Cleveland (1995),95 Ohio App.3d 388, 394. If a defendant points to evidence illustrating that the plaintiff will be unable to prove any one of the foregoing elements, the defendant is entitled to judgment as a matter of law. Id.
In an action for negligent hiring or retention, a plaintiff must prove:
 * * * (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries.
Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 69. There is little dispute that appellant has met the first, second, and fourth elements in proving her claim. The question is whether there was sufficient evidence presented on the third and fifth elements to withstand a motion for summary judgment on appellant's negligent retention cause of action.
Usually there is no common-law duty to anticipate or foresee criminal activity by a third-party. An exception to this general rule exists where there is a special relationship between the actor and the third-party which gives rise to a duty to control or between the actor and another which gives the other the right to protection. Federal Steel Wire Corp.v. Ruhlin Constr. Co. (1989), 45 Ohio St.3d 171, 173. The existence of a duty is a question of law to be resolved by the court. There is no formula for ascertaining whether a duty arises, rather, a court will decide whether a particular plaintiff is entitled to protection. Mussivand v. David (1989),45 Ohio St.3d 314, 318. The failure to control the conduct of a third person to determine whether a duty exists depends on the foreseeability of the injury. Evans v. Ohio State Univ. (1996),112 Ohio App.3d 724. An injury is foreseeable if "a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act."Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75,77. The defendant need not anticipate or foresee the actual injury or probability of injury to anyone. If a reasonably prudent and careful person would have anticipated the probability of injury to a person in the plaintiff's general condition, then the injury was foreseeable. Gedeon v. East OhioGas Co. (1934), 128 Ohio St. 335, 339. The foreseeability of criminal acts of another depends on the knowledge of the defendant which is determined from the totality of the circumstances. The totality of the circumstances must be somewhat overwhelming before liability will attach. Reitz v.May Co. Dept. Stores (1990), 66 Ohio App.3d 188.
The only relevant evidence to examine is that relating to Mathews' relationship with Lisa Pak. Appellant attached the affidavit of Catherine Porter, a teacher at Hawken, to her brief in opposition to the defendants' motion for summary judgment. In the affidavit, Porter avers that, prior to March of 1992, she heard from two other teachers that Mathews drove Pak home and tried to kiss her. Porter went on to state that Nadja Deighan, the administrator to whom Pak confided Mathews' actions, told Porter not to tell anyone of the attempted kiss. The information learned from the other teachers is hearsay as is the statement attributed to Deighan. In Deighan's deposition, she stated that Pak only told Deighan that Mathews offered her rides home, telephoned her at home and asked her out. There is no mention of a kiss. The evidence in the record suggests that Deighan was the only school administrator who was aware of these actions by Mathews prior to the interlude with appellant. Deighan told Dr. Carr that Mathews was making a student nervous by offering to be helpful or friendly. Deighan later responded negatively to Carr's inquiry if a problem still existed. The only other evidence in the record is Mathews' statements that he made remarks to students which were double entendres or silly flirting and teasing which Mathews was sure must have taken place in front of fellow faculty members or administrators. This behavior hardly would lead to the expectation that Mathews would engage in sexual intercourse with a student.
Further, Hawken School's response to Mathews' inappropriate comments to the student in November of 1992 was swift and decisive. Mathews resigned, knowing that if he did not his employment with Hawken School would be terminated because of the incident. Based on the totality of the circumstances, the evidence is not overwhelming that the defendants knew or should have known of Mathews' criminal proclivities or that the defendants either could have or should have foreseen that Mathews would have sex with a student. The trial court correctly granted the defendants' motion for summary judgment.
Appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. AND MICHAEL J. CORRIGAN, J. CONCUR.
 _______________________________ LEO M. SPELLACY PRESIDING JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).