OPINION
Appellants Betty and Clennis Besst are appealing the decision of the Morgan County Court of Common Pleas that granted summary judgment on behalf of Appellee Morgan County Chamber of Commerce ("Chamber of Commerce"), Appellee Zann's Family Restaurant ("Zann's"), The Howard House Restaurant, and Steve and Deborah Hann. The following facts give rise to this appeal.
On June 28, 1994, Appellants Betty and Clennis Besst traveled from their home in Coshocton County to McConnelsville to celebrate their fifty-third wedding anniversary by having lunch at Zann's. Upon their arrival at the restaurant, they discovered it was closed on Mondays. However, an employee of Zann's approached appellants and asked them if they would like to take a tour of the house in which the restaurant is located. Appellants toured the house and the employee of Zann's asked appellants if they would also like to see the visitor's center, which is a small building joined to the restaurant. Appellants accepted the invitation.
The visitor's center is under the joint control of Appellees Zann's and the Chamber of Commerce. Appellant Betty Besst fell when she approached the guest registry, which is located on the lower level of the visitor's center. The two levels of the room are separated by one step. As Appellant Betty Besst approached the registry, she did not observe the lower level, stepped off into the lower level, causing her to fall to the floor. As a result of the fall, appellant severely injured her left shoulder.
On June 14, 1996, appellants filed their complaint alleging negligence on the part of Zann's; the owners of Zann's, Steven and Deborah Hann; The Howard House Restaurant; and the Chamber of Commerce. On July 9, 1996, the Chamber of Commerce filed a cross-claim against Appellee Zann's for contribution/indemnity. On July 25, 1996, Appellee Zann's filed a cross-claim against the Chamber of Commerce alleging negligence.
On November 6, 1997, the Chamber of Commerce filed a motion for summary judgment. Appellee Zann's filed a motion for summary judgment on November 27, 1997. The trial court granted summary judgment on behalf of Appellees Zann's and the Chamber of Commerce on February 9, 1998. The trial court filed a nunc pro tunc
judgment entry, on February 11, 1998, granting summary judgment on behalf of The Howard House Restaurant and Stephen and Deborah Hann.
Appellants timely filed their notice of appeal and set forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN GRANTING THE MOTION OF DEFENDANTS, ZANN'S FAMILY RESTAURANT, INC., THE HOWARD HOUSE RESTAURANT, STEVEN B. HANN AND DEBORAH E. HANN FOR SUMMARY JUDGMENT.
 II. THE TRIAL COURT ERRED IN GRANTING THE MOTION OF DEFENDANT, THE MORGAN COUNTY CHAMBER OF COMMERCE, FOR SUMMARY JUDGMENT.
 Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellants' assignments of error.
 I, II
We will address appellants' first and second assignments of error simultaneously as both concern whether the trial court properly granted summary judgment.
Appellants' complaint sets forth a claim of negligence. "In order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury." Chambers v. St.Mary's School (1998), 82 Ohio St.3d 563, 565, citing Wellman v. E.Ohio Gas Co. (1953), 160 Ohio St. 103, 108-109; Sedar v. KnowltonConstr. Co. (1990), 49 Ohio St.3d 193, 198, overruled on other grounds. "The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability."Adelman v. Timman (1997), 117 Ohio App.3d 544, 549. Therefore, in order to overcome a motion for summary judgment, a plaintiff must identify a duty owed him or her by the defendant. Keister v. ParkCentre Lanes (1981), 3 Ohio App.3d 19, 22-23.
The existence of a duty is a question of law. Mussivand v.David (1989), 45 Ohio St.3d 314, 318. Further, the existence of a duty depends on the foreseeability of the injury. Huston v.Konieczny (1990), 52 Ohio St.3d 214, 217. "Only when the injured person comes within the circle of those to whom injury may be reasonably anticipated does the defendant owe him a duty of care."Adelman at 549, citing Gedeon v. E. Ohio Gas Co. (1934), 128 Ohio St. 335,338. It has also been stated that an injury is foreseeable if a defendant knew or should have known that his act was likely to result in harm to someone. Huston at 217.
In the case sub judice, the parties agree that Appellant Betty Besst was a "business invitee" on the premises. A "business invitee" is a person who comes upon the premises of another, by express or implied invitation, for some purpose which is beneficial to the owner of the premises. Scheibel v. Lipton
(1951), 156 Ohio St. 308, paragraph one of the syllabus.
The owner or possessor of a premises owes a duty to his invitees to exercise ordinary, reasonable care in the maintenance of the premises and to warn the invitee of latent defects which the owner has or should have knowledge. Baldauf v. Kent StateUniv. (1988), 49 Ohio App.3d 46, 48. However, the owner of a business premises is not an insurer against all forms of risk. "[A] shopkeeper is under no duty to protect business invitees from dangers `which are known to such invitee that he may reasonably be expected to discover them and protect himself against.' [Citations omitted.]" Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,204.
Therefore, for a business invitee to recover for a fall sustained on the premises claimed to have been caused by the condition of the premises, the invitee must allege and prove that the fall was proximately caused by some unreasonably dangerous condition on the premises. Baldauf at 48. Generally, injuries sustained by insubstantial defects on the premises are not actionable unless circumstances render them unreasonably dangerous. Raflo v. The Losantiville County Club (1973), 34 Ohio St.2d 1,4.
In their complaint, appellants allege four grounds in support of their negligence claim. Appellants maintain appellees were negligent for allowing a dangerous condition to exist; negligent for failing to warn Plaintiff Betty Besst of the dangerous condition; failing to give adequate warning or the lighting of the dangerous condition, and failure to use ordinary care by allowing a latent or dangerous condition to exist. Complaint, June 14, 1996, at 3. We find the essence of appellants' negligence claim focuses on the lighting conditions at the time of Appellant Betty Besst's fall.
In determining whether appellees breached their duty, we must consider the specific circumstances of this case such as the hazard involved, the opportunity Appellant Betty Besst had to avoid the hazard by the exercise of ordinary care, and the practicability of preventing, removing or warning against the hazard. See Anaple v. The Standard Oil Co. (1955), 162 Ohio St. 537. Courts in Ohio have generally held that negligence is not established by proof of nothing more than a step down or change if floor level. The mere presence of a step, in good repair, which customers must ascend or descend does not evidence a want of due care by a shopkeeper nor does it create an unreasonably dangerous condition. See Urdang v. Mahrer (1959), 81 Ohio Law Abs. 23, 30.
Appellants do not allege the step down, into the other room, was in disrepair. However, appellant's do allege that the lighting conditions, in the visitor's center, was such that the step down was not easily discernable. Appellant Clennis Besst testified that the lighting conditions were poor. Depo. Clennis Besst at 20. Appellant Betty Besst testified that it was dark in the area where the registry was located. Depo. Betty Besst at 49. Deborah Hamm testified there were at least five lighting fixtures in the visitors' center. Depo. Deborah Hamm at 20. The person who conducted the tour for appellants stated that all the lights were on when Appellant Betty Besst fell. Depo. Virginia Blackburn at 37.
Based upon the above testimony, we find, in construing the facts most favorable for appellants, that a question of material fact exists concerning whether appellees breached their duty to appellants concerning the lighting conditions where the guest registry was located and whether the lighting conditions rendered the step unreasonably dangerous. We therefore reverse the trial court's grant of summary judgment as to all the appellees.
Appellants' first and second assignments of error are sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Morgan County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
By: Wise, P.J., Gwin, J., and Hoffman, J., concur.
______________________________
______________________________
______________________________
JUDGES
JWW/d 28
JUDGMENT ENTRY
CASE NO. 98 CA 2
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Morgan County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
______________________________
______________________________
 ______________________________ JUDGES