[Cite as *Williams v. Alvarez*, 2017-Ohio-8208.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY


Emily Williams, et al.                           Court of Appeals No. WM-17-001

    Appellants                           Trial Court No. 16 CI 028

v.

Mary Alvarez, et al.                             **DECISION AND JUDGMENT**

    Appellees                            Decided:  October 13, 2017

* * * * *

Thomas S. Molitierno, for appellants.

Adam E. Carr and Eric K. Grinnell, for appellees.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This case is before us on appeal from February 23, 2017 judgment of the Williams County Court of Common Pleas, which granted the motion for summary judgment filed by appellees, Mary and Joseph Alvarez.  For the reasons that follow, we affirm.

{¶ 2} On Mother's Day in 2014, appellant, Emily Williams, was injured at her parents, the Alvarezes' home when the chain that held the porch swing came down from the roof. The roof did not break and the chain did not snap but just slid out, causing the swing to fall on Williams' leg causing severe injury. On the day of the accident, Williams had sat on the porch swing on two prior occasions and had witnessed other people sitting on it without any falls. On her third sitting, Williams was on the swing with her 10-month-old baby and her seven-year-old nephew. About a minute after her nephew got off the swing, the chain fell down from the roof, allowing the swing to fall.

{¶ 3} The porch swing was initially installed by Joseph Alvarez approximately 25 years before the incident and had been in continuous usage. The swing was suspended from the roof by a chain, hooked onto a hook which was attached to an eyebolt. Alvarez testified in his deposition that he had performed some periodic maintenance upon the swing over the past 25 years. He inspected the eyebolts holding the chains and on a few occasions had noticed that the eyebolts were loose; he simply "tightened them" by using a screwdriver and turning until secure or until he could not see any of the bolt threads. Other than the periodic maintenance checks, Alvarez had no knowledge, suspicion or concern that the eyebolts would come loose and cause the swing to fall.

{¶ 4} As a result of the swing falling on appellant, she was seriously injured and underwent multiple surgeries on her left leg. Appellants, Emily and her husband, Billy Williams, filed the instant negligence action against appellees. On November 14, 2016, appellees filed a motion for summary judgment arguing that they did not breach a duty to

2.

appellants because they had no knowledge of the latent defect. Further, the fact that the swing could fall was open and obvious. Appellants opposed the motion.

{¶ 5} On February 23, 2017, the trial court granted summary judgment in favor of appellees, finding that as a matter of law appellant was a social guest and the risk that the porch swing could fall was an open and obvious danger. Therefore, appellees owed no duty to warn their social guests of the danger. Appellants commenced this appeal and set forth the following assignments of error:

First Assignment of Error: The trial court erred in finding that defendant Joseph Alvarez had no duty to warn plaintiff Emily Williams of a latent defect because he did not know about that defect where the evidence showed that he knew of the defect.

Second Assignment of Error: The trial court erred in finding that the possibility that a porch swing, hung from the ceiling of the porch by eyebolts and chains, could fall was an open and obvious condition where the defect could not be observed and was not likely to be discovered by Emily Williams.

{¶ 6} At the outset we note that appellate review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Accordingly, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination. *Brown v. County Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Summary

3.

judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996). However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).

{¶ 7} The trial court granted summary judgment based on finding that the Alvarezes were not negligent because they had no knowledge that the swing was likely to fall. In order to establish a cause of action for negligence, one must show (1) the existence of a duty, (2) a breach of the duty, and (3) an injury resulting proximately therefrom. *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984), citing *Di Gildo* v. *Caponi*, 18 Ohio St.2d 125, 247 N.E.2d 732 (1969). The existence of a duty depends on the foreseeability of the injury. *Gedeon* v. *East Ohio Gas Co.*, 128 Ohio St. 335, 190 N.E. 924 (1934).

{¶ 8} It is undisputed that appellant was a social guest at appellees' home. A host owes the following duty to his social guests: (1) to exercise ordinary care not to cause

4.

injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises, and (2) to warn the guest of any condition of the premises which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition. *Scheibel v. Lipton*, 156 Ohio St. 308, 329, 102 N.E.2d 453 (1951). However, a host is not an insurer of the safety of a guest while upon the premises of the host and there is no warranty, express or implied, of a host that the premises invited by the host is in safe condition. *Id.* at 328. Liability for injury to a social guest must be predicated upon negligence. *Id.*

{¶ 9} The second prong of negligence requires a breach of duty. A host's duty has been breached if he or she fails to conduct a reasonable inspection to identify possible dangerous conditions which are discoverable; this creates constructive knowledge of the defect. *Rowe v. Pseekos*, 10th Dist. Franklin No. 13AP-889, 2014-Ohio-2024, ¶ 7 citing *Perry v. Eastgreen Realty Co.*, 53 Ohio St.2d 51, 52, 372 N.E.2d 335 (1978). "Once imputed with constructive knowledge of the latent defect, the landowner may face liability for failing to warn the invitee of the latent defect or otherwise make the premises reasonably safe." *Id.* at ¶ 7, citing *Ferguson v. Eastwood Mall, Inc.,* 11th Dist. Trumbull No. 97-T-0215, 1998 Ohio App. LEXIS 5823 (Dec. 4, 1998).

{¶ 10} The facts in this case provide that the porch swing in question had been used continuously for the past 25 years, had never previously fallen, and neither

5.

appellants nor appellees had reason to suspect that the swing would fall. According to his deposition, Alvarez performed periodic maintenance on the swing over the 25-year period that it was installed on appellees' porch. On a few occasions, Alvarez noticed loose eyebolts and tightened them by using a screwdriver until he could not see any of the bolt threads. Periodic maintenance on a fixture over the span of 25 years does not confirm that Alvarez was aware of the latent defect, but rather confirms that he took measures to inspect and ensure the safe and intact condition of the swing.

{¶ 11} In a similar Seventh Appellate District case, a social guest slipped and fell on the front porch steps and sued for negligence. *Riley v. Alston*, 7th Dist. Mahoning No. 12 MA 42, 2013-Ohio-5769, ¶ 3. Summary judgment was properly granted because there was no evidence that the owners, the Alstons, had any knowledge that their steps may have presented "an unreasonable danger" or that they failed to warn the guest, as the defects were latent. *Id.* at ¶ 36. Riley had been to Alston's house on several occasions, and every time she visited, Riley went in and out of the house the same way as she did on the day she fell on the porch steps. *Id.* at ¶ 21. According to Alston, no one had ever slipped, tripped, or fallen while walking up or down the steps. *Id.* at ¶ 33.

{¶ 12} In this case, Williams stated in her deposition that she had been on the porch swing "hundreds of times" and never had a problem. On the day of the incident, there was nothing suspicious or out of ordinary with the swing. She agreed that the swing worked fine before but fell without warning. Thus, similar to *Alston*, appellees did not have prior knowledge that the swing created a dangerous condition on their premises.

6.

{¶ 13} In contrast, the First Appellate District reversed a summary judgment award in a case where plaintiff daughter sued defendants, her parents, for negligence after she fell on their property. *Bullucks v. Moore*, 1st Dist. Hamilton No. C-020187, 2002-Ohio-7332, ¶ 2. In *Bullucks,* the porch railing that Bullucks grabbed as she was descending the stairs came loose, and caused her to lose her balance and fall. *Id.* Although the trial court did not make a determination of Bullucks' status as either an invitee or a social guest, the appellate court held that regardless of her status, the parents may have violated duty of care to her. *Id.* at ¶ 13. Moore, the father, testified that he knew the railing could come loose and "knew that railing was bad." *Id.* at ¶ 12. He also testified that he neither told Bullucks or anyone else that the railing could come loose, nor had he made any attempts to repair it. *Id.* Moore knew that the loose railing was a concealed peril or a dangerous condition but had failed to warn as a host; this resulted in a breach of duty to his invitee or social guest.

{¶ 14} Because we agree that appellee did not breach his duty to appellants as to the latent swing defect, we find that appellants' first assignment of error is not well-taken.

{¶ 15} Appellants' second assignment of error deals with the open and obvious question as to the condition of the swing. The trial court found that the risk that the swing could fall if the hook came loose was an open and obvious danger. However, we determined above that the condition of the swing was a latent defect. Thus, although the court erroneously concluded that the defect was open and obvious, the error does not

7.

change the outcome of the case. Based on our disposition of appellants' first assignment of error, appellants' second assignment of error is moot and not well-taken.

{¶ 16} Based on the above, summary judgment was properly granted to appellees. On consideration whereof, we find that substantial justice was done the parties complaining and the judgment of the Williams County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellants are ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                             JUDGE

Thomas J. Osowik, J.             

                                           _____
Christine E. Mayle, J.                                JUDGE
CONCUR.

                                           _____
                                                             JUDGE

8.