ADELMAN, Appellant,

v.

TIMMAN; Borg–Warner Protective Services Corporation et al., Appellees.

[Cite as *Adelman v. Timman* (1997), 117 Ohio App.3d 544.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70149.

Decided Jan. 13, 1997.

Julianne E. Hood and John E. Duda, for appellant.

Porter, Wright, Morris & Arthur and Ezio A. Listati, for appellees.

TIMOTHY E. McMONAGLE, Judge.

Plaintiff-appellant, Robert Adelman, appeals the ruling of the trial court granting summary judgment to defendants-appellees, Borg–Warner Protective Services Corporation and Burns International Security Services.

The facts relevant to this appeal are as follows: On April 26, 1992, appellant was leaving the Big Penny Restaurant in Cleveland at approximately 1:50 a.m. when he was struck by an object thrown by student Paul Timman from the roof of the Factory, a building owned by the Cleveland Institute of Art ("CIA"). Appellees were under contract with the CIA for the provision of security services, having assumed their duties only three weeks earlier. Prior to appellees' contract with the CIA, Allied Security, Inc. provided security services to the CIA.

Appellant instituted the present action, naming several defendants, including appellees. Appellant claims that appellees negligently provided security services and that, as an intended third-party beneficiary, he had a claim when appellees breached their contract in providing these services. Appellees moved for summary judgment on the basis that they did not owe a duty to appellant for the criminal acts of a third party and, therefore, appellant's negligence claim should

fail as a matter of law. Appellees further argued that the contract between the CIA and appellees specifically created no third-party beneficiary rights and, at best, appellant was only an incidental beneficiary. Appellant opposed the motion, attaching the affidavit of his expert, Ralph Witherspoon, who opined that appellees were negligent in that they did not identify the security risks associated with the Factory and that had they done so, there would have been no opportunity for Timman, or other students, to engage in the type of activity which led to appellant's injuries.

Appellees moved to strike the affidavit of Witherspoon and to prohibit him from testifying on the basis that his report was untimely and not in accordance with Loc.R. 21.1. Shortly thereafter, appellant settled and dismissed with prejudice his claims against Timman. Appellees requested and were granted leave to file a supplemental brief in support of their motion for summary judgment, wherein they argued that the settlement and release between appellant and Timman, the primarily liable party, precluded appellant from seeking recovery from appellees, the secondarily liable parties. Appellees were granted summary judgment in the same journal entry denying their motion to strike the affidavit of Witherspoon.

Appellant timely appeals[1] the decision of the trial court which granted summary judgment to appellees and assigns the following error for our review:

Summary judgment is inappropriate when material facts remain in issue regarding whether a security company has a duty to the injured party and is liable for the injury caused when the injury results from acts of a third party in a [*sic*] premises under the control of the security company.

## I

### A

In his sole assignment of error, appellant contends that the trial court inappropriately granted summary judgment to appellees. Specifically, appellant contends that the injuries sustained by him were foreseeable and, therefore, appellees owed a duty of ordinary care to appellant. Appellant further argues that the trial court failed to consider the expert opinion of Witherspoon as creating a genuine issue of material fact with regard to whether appellees breached their duty.[2] Last, appellant maintains that the indemnification clause in the contract between appellees and the CIA is invalid under Ohio law.

---

**1.** Appellant's claims against the remaining defendants were either dismissed without prejudice pursuant to Civ.R. 41(A) or settled and dismissed with prejudice.

**2.** As the trial court denied appellees' motion to strike the affidavit of Witherspoon, this testimony was before the trial court when it ruled on appellees' summary judgment motion.

■ In reviewing a motion for summary judgment, an appellate court conducts a *de novo* review of the trial court's decision. "A court reviewing the granting of a summary judgment must follow the standards set forth in Civ.R. 56(C) * * *." *Aglinsky v. Cleveland Bldrs. Supply Co.* (1990), 68 Ohio App.3d 810, 814, 589 N.E.2d 1365, 1368. Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

The court must construe the evidence and all reasonable inferences drawn therefrom in a light most favorable to the party opposing the motion. *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 517 N.E.2d 904; *Harless v. Willis Day Warehousing* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. Because summary judgment is a procedural device used to terminate litigation, it must be awarded with caution, resolving all doubts in favor of the party opposing the motion. *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 587 N.E.2d 825.

The burden of establishing that no genuine issues to any material fact remain to be litigated is on the party moving for summary judgment. *Turner v. Turner* (1993), 67 Ohio St.3d 337, 340, 617 N.E.2d 1123, 1126; *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 120, 570 N.E.2d 1108, 1113–1114. Once a party moves for summary judgment and has supported his or her motion by sufficient and acceptable evidence, the party opposing the motion has a reciprocal burden to respond by affidavit or as otherwise provided in Civ.R. 56(C), setting forth specific facts explaining that a genuine issue of material fact exists for trial. *Jackson v. Alert Fire & Safety Equip., Inc.* (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031–1032; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802. A motion for summary judgment forces the nonmoving party to produce evidence on all issues for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. However, it is the moving party who bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264, 275–276.

---

Consequently, appellant is incorrect in arguing that the trial court erred in failing to consider this testimony.

In order to defeat a motion for summary judgment brought in a negligence action, a plaintiff must identify a duty owed to him by the defendant. The evidence must be sufficient, when considered most favorably to the plaintiff, to allow reasonable minds to infer that the duty was breached, that the breach of that duty was the proximate cause of the plaintiff's injury, and that the plaintiff was injured. *Feichtner v. Cleveland* (1994), 95 Ohio App.3d 388, 642 N.E.2d 657; *Keister v. Park Centre Lanes* (1981), 3 Ohio App.3d 19, 3 OBR 20, 443 N.E.2d 532; *Wellman v. E. Ohio Gas Co.* (1953), 160 Ohio St. 103, 51 O.O. 27, 113 N.E.2d 629. The existence of a duty in a negligence action is a question of law for the court, and there is no express formula for determining whether or not a duty exists. *Mussivand v. David* (1989), 45 Ohio St.3d 314, 544 N.E.2d 265.

In this case, appellant contends that appellees owed him a duty of ordinary care because it was foreseeable that a student such as Timman would have access to the roof of the Factory and would shoot clay pellets at nearby pedestrians. Appellees, on the other hand, maintain that they owed no duty to protect appellant absent a special relationship between them.

The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability. See *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616–617; *Feichtner v. Cleveland*, 95 Ohio App.3d at 394, 642 N.E.2d at 661. Where one fails to discharge an existing duty, there can be liability for negligence. *Id.* Whether a duty exists depends largely on the foreseeability of the injury to one in the plaintiff's position. Only when the injured person comes within the circle of those to whom injury may be reasonably anticipated does the defendant owe him a duty of care. *Gedeon v. E. Ohio Gas Co.* (1934), 128 Ohio St. 335, 338, 190 N.E. 924, 925–926. Foreseeability alone, however, is insufficient to create liability absent a special relationship between the parties. *Simpson v. Big Bear Stores Co.* (1995), 73 Ohio St.3d 130, 134, 652 N.E.2d 702, 705.

Generally, under Ohio law, there is no duty to prevent a third person from causing harm to another absent a special relation between the parties. *Fed. Steel & Wire Corp. v. Ruhlin Constr. Co.* (1989), 45 Ohio St.3d 171, 543 N.E.2d 769; *Littleton v. Good Samaritan Hosp. & Health Ctr.* (1988), 39 Ohio St.3d 86, 92, 529 N.E.2d 449, 454–455. In *Gelbman v. Second Natl. Bank of Warren* (1984), 9 Ohio St.3d 77, 9 OBR 280, 458 N.E.2d 1262, the Ohio Supreme Court adopted 2 Restatement of the Law 2d, Torts (1965) 122, Section 315, which provides:

"There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless:

"(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or

"(b) a special relation exists between the actor and the other which give to the other a right to protection."

In applying the above provisions to the case at bar, it is necessary to look to the contract between appellees and the CIA. See *Hill v. Sonitrol of Southwestern Ohio, Inc.* (1988), 36 Ohio St.3d 36, 38, 521 N.E.2d 780, 782–783; *Eagle v. Mathews–Click–Bauman, Inc.* (1995), 104 Ohio App.3d 792, 796, 663 N.E.2d 399, 401–402; *Deeds v. Am. Sec.* (1987), 39 Ohio App.3d 31, 33, 528 N.E.2d 1308, 1311–1312. The contract merely provides that "Burns will furnish [the CIA] with such Security Personnel and will render services at such location or locations from such starting dates and times and during such hours as set forth herein and as hereafter mutually agreed upon * * *." Appellant maintains that the contract specifically calls for appellees "to control the movement and activities of students within the building at all hours." Appellees, to the contrary, argue that the contract was intended not to protect pedestrians but to protect students and faculty members inside the buildings owned by the CIA.[3]

This court finds that the contract is not as explicit as either party argues. Contracts are to be construed so as to give effect to the intent of the parties, and that intent is presumed as a matter of law to be fully revealed in the language the parties choose to incorporate into the agreement. *Indiana Ins. Co. v. Carnegie Constr., Inc.* (1995), 104 Ohio App.3d 219, 222–223, 661 N.E.2d 776, 778–780. If the terms of a contract are clear and unambiguous, then its interpretation is a matter of law, and there is no issue of fact to be determined. *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379–1380; *Inland Refuse Transfer Co. v. Browning–Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 322, 15 OBR 448, 448–449, 474 N.E.2d 271 272–273. However, if a term cannot be determined from the four corners of the document, factual determination of intent may be necessary to supply the missing term. *Id.* at 322, 15 OBR at 448–449, 474 N.E.2d at 272–273.

In this case, the intent of the agreement is not readily ascertainable from the four corners of the agreement. It is, therefore, not possible to determine that the contract was limited to the protection of students and faculty as appellees suggest. Consequently, the contract, as executed, is ambiguous as a matter of law. Without knowing the intent of the contracting parties, it is not possible to

---

**3.** At oral argument, appellees argued that clear evidence of the intent of the contract was contained in certain "post orders" which they claimed were part of the security contract. However, a careful review of the record found no such post orders appended to the contract. To the contrary, the contract contained an integration clause, which stated that the contract represented the entire agreement between the parties. The agreement further provided that it could not be altered, modified or amended except in a writing properly executed by the party to be charged.

determine whether a special relation existed between appellees and Timman that would impose a duty upon appellees to control the latter's actions. In such a situation summary judgment is inappropriate. *Tanker v. N. Crest Equestrian Ctr.* (1993), 86 Ohio App.3d 522, 525, 621 N.E.2d 589, 590–591.

Appellees urge this court to find, even in the absence of a special relationship, that they are not liable to appellant because the injuries sustained by appellant were not foreseeable. Appellant, on the other hand, argues that his injuries were foreseeable and that, therefore, appellees owed him a duty of care. However, foreseeability alone is insufficient to create liability where there is no special relationship. *Simpson, supra,* 73 Ohio St.3d at 134, 652 N.E.2d at 705. Since we are unable to determine whether a special relationship existed between appellees and Timman because the security contract between appellees and the CIA is ambiguous as matter of law, it would be premature for this court to enter into an analysis of whether or not appellant's injuries were foreseeable until there is resolution of the contracting parties' intent.

## B

Alternatively, appellees argue that the settlement and release agreement executed between appellant and Timman, the primarily liable party, bars appellant from pursuing his claims against appellees, the secondarily liable parties. Relying on *Hillyer v. E. Cleveland* (1951), 155 Ohio St. 552, 44 O.O. 499, 99 N.E.2d 772 and *Herron v. Youngstown* (1940), 136 Ohio St. 190, 16 O.O. 188, 24 N.E.2d 708, appellees maintain that a settlement and release between a plaintiff and the primarily liable party forecloses the possibility of any further recovery from a secondarily liable party.

At common law, the traditional rule was that a general release executed in favor of one charged with a wrong extinguished the right of action against all those jointly liable for the same wrong. *Whitt v. Hutchison* (1975), 43 Ohio St.2d 53, 56, 72 O.O.2d 30, 31–32, 330 N.E.2d 678, 680–681. It was reasoned that for a single injury there was a single, indivisible cause of action and that a general release for valuable consideration was a satisfaction of the injury and a release of the cause of action. *Id.* However, this traditional rule became largely abandoned in favor of having the intention of the parties govern release agreement interpretation. *Id.* at 58, 72 O.O.2d at 33, 330 N.E.2d at 682. See, also, *Beck v. Cianchetti* (1982), 1 Ohio St.3d 231, 234, 1 OBR 253, 255–256, 439 N.E.2d 417, 419–420.

The legislature considered the release of tortfeasors and enacted R.C. 2307.32, which became effective in 1976. That section provides:

"(F) When a release or covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or loss to person or property or the same wrongful death, the following apply:

"(1) The release or covenant does not discharge any of the other tortfeasors from liability for the injury, loss, or wrongful death unless its terms otherwise provide, but it reduces the claim against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is greater."

Accordingly, R.C. 2307.32 abrogates the common-law rule which provided that a release given to one tortfeasor was a release to all other tortfeasors. *Beck v. Cianchetti,* 1 Ohio St.3d at 234, 1 OBR at 255–256, 439 N.E.2d at 419–420. To the contrary, this statute provides that a release to one tortfeasor does not discharge any other tortfeasor "unless its terms otherwise provide." *Id.* Since the release executed between appellant and Timman is not part of the record before this court, we are unable to determine if its terms provide otherwise. It is the initial responsibility of appellees, as movants, to apprise the court why they are entitled to judgment in their favor as a matter of law. *Dresher v. Burt, supra.* As appellees have failed to support their supplemental brief in support of summary judgment with the release, this court is unable to determine if its terms provide for the discharge of appellees. Consequently, a genuine issue of material fact remains.

This court concludes that the trial court improvidently granted summary judgment to appellees. Genuine issues of material fact remain regarding whether the security contract executed between appellees and the CIA imposed a duty upon appellees to control the conduct of Timman so as to imply a special relationship between appellees and Timman and, if so, whether appellant's injuries were foreseeable. Moreover, an issue of fact exists as to whether the release executed between appellant and Timman discharges appellees.

Accordingly, appellant's sole assignment of error is sustained, and this cause is reversed and remanded.

*Judgment reversed*
*and cause remanded.*

HARPER, J., concurs.

JAMES D. SWEENEY, P.J., dissents.

JAMES D. SWEEENEY, Presiding Judge, dissenting.

I respectfully dissent from the conclusion reached by the majority in its decision.

In order to establish actionable negligence, one must show the existence of a duty, a breach of that duty, and an injury proximately resulting therefrom. *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 539 N.E.2d 614. Whether a duty exists depends largely on the foreseeability. *Id.* at 142, 539 N.E.2d at 616. The court went on to state that " '[o]nly when the injured person comes within the circle of those to whom injury may reasonably be anticipated does the defendant owe him a duty of care' " and " 'foreseeability of the harm usually depends on the defendant's knowledge.' " *Id.* at 142 and 143, 539 N.E.2d at 617, quoting *Gedeon v. E. Ohio Gas Co.* (1934), 128 Ohio St. 335, 338, 190 N.E. 924, 926 and *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180–181, 472 N.E.2d 707, 710.

The evidence presented to the trial court indicates that neither the CIA, its previous security company, the University Circle Police, nor the appellee had knowledge that students were shooting pellets from the roof of the Factory building. Since, under *Jeffers,* the uncontroverted evidence is that the appellee had no knowledge that potentially dangerous conduct was engaged in by the students, the appellant could not have been within the circle of those to whom an injury might reasonably have been anticipated.

However, assuming, *arguendo,* that foreseeability can be established through the deposition of the students who testified, essentially, that shooting clay pellets from the roof of the Factory building has been a practice among the students for some time, I would hold that liability may not be imposed because no special duty exists between the appellant and the appellee.

Generally, there is no duty to prevent a third person from causing harm to another absent a special relationship between the parties. *Fed. Steel & Wire Corp. v. Ruhlin Constr. Co.* (1989), 45 Ohio St.3d 171, 543 N.E.2d 769. 2 Restatement of the Law 2d, Torts (1965) 122, Section 315, provides that there is no duty to control the conduct of a third person and prevent physical harm to another unless a special relation exists between the actor and the third person which imposes a duty on the actor to control the third person's conduct, or a special relation exists between the actor and the other which gives to the other a right to protection. See *Gelbman v. Second Natl. Bank of Warren* (1984), 9 Ohio St.3d 77, 9 OBR 280, 458 N.E.2d 1262.

Thus, absent either a special duty to control the behavior of the students or a special duty to protect the appellant, the appellee may not be held liable. I would find that had the parties to the contract, the CIA and the appellee, intended for

the appellee to be civilly liable for student criminal activity, the contract would have made that manifest. The contract, however, is silent to that event because security companies, and *humanum genus* in general, would not contract for the civil assumption of criminal liability of third parties. It is equally difficult to understand how the appellee could have any contractual duty to protect a pedestrian across the street from its place of employment.

For these reasons, I would affirm the trial court's decision to grant summary judgment in favor of the appellee.