OPINION
Appellants Kenneth and Lisa Gribben are appealing the decision of the Holmes County Court of Common Pleas that granted summary judgment on behalf of Appellee Miller Overhead Doors, Inc. ("Miller"). The following facts give rise to this appeal.
On March 30, 1995, Appellant Kenneth Gribben injured his face when he walked into a quarter-inch piece of steel which protruded approximately six feet from the rear of a trailer owned by Miller. Miller was at Holmco Industries, Inc., appellant's place of employment, to install an operator on an overhead door. As a result of the injury, appellants filed a complaint on March 28, 1997. Counts one and two of the complaint set forth claims of negligence. The third count of the complaint contains a claim for loss of consortium asserted by Lisa Gribben.
Appellants subsequently amended their complaint to add the Industrial Commission of Ohio and Bureau of Workers' Compensation. Thereafter, the Bureau of Workers' Compensation filed a counterclaim against appellants and a cross-claim against Miller. On April 29, 1998, after the completion of discovery, Miller filed a motion for summary judgment. The trial court granted Miller's motion finding Miller did not breach its duty to use ordinary care to avoid injuring Appellant Kenneth Gribben. The trial court also determined that R.C. 4513.09 is inapplicable to stationary vehicles parked on private property.
Appellants timely filed their notice of appeal and set forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN SUSTAINING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT THE DEFENDANT-APPELLEE'S DO NOT OWE PLAINTIFF-APPELLANT'S (SIC) A DUTY TO WARN HIM OF A QUARTER-INCH THICK PIECE OF STEEL EXTENDING FOUR FEET FROM DEFENDANT-APPELLEE'S TRAILER.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN SUSTAINING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT OHIO REVISED CODE § 4513.03 DOES NOT APPLY TO PLAINTIFF-APPELLANT'S (SIC) NEGLIGENCE PER SE THEORY.
 Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellants' assignments of error.
 I
Appellants contend, in their first assignment of error, the trial court erred when it determined appellee did not owe Appellant Kenneth Gribben a duty to warn him of a quarter-inch thick piece of steel extending four feet from appellee's trailer. We agree.
"In order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury." Chambers v. St.Mary's School (1998), 82 Ohio St.3d 563, 565, citing Wellman v. E.Ohio Gas Co. (1953), 160 Ohio St. 103, 108-109; Sedar v. KnowltonConstr. Co. (1990), 49 Ohio St.3d 193, 198, overruled on other grounds. Appellants' first assignment of error focuses on the issue of duty. "The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability." Adelman v. Timman (1997), 117 Ohio App.3d 544,549. Therefore, in order to overcome a motion for summary judgment, a plaintiff must identify a duty owed him or her by the defendant. Keister v. Park Centre Lanes (1981), 3 Ohio App.3d 19,22-23.
The existence of a duty is a question of law. Mussivand v.David (1989), 45 Ohio St.3d 314, 318. Further, the existence of a duty depends on the foreseeability of the injury. Huston v.Konieczny (1990), 52 Ohio St.3d 214, 217. "Only when the injured person comes within the circle of those to whom injury may be reasonably anticipated does the defendant owe him a duty of care."Adelman at 549, citing Gedeon v. E. Ohio Gas Co. (1934), 128 Ohio St. 335,338. It has also been stated that an injury is foreseeable if a defendant knew or should have known that his act was likely to result in harm to someone. Huston at 217. In the case sub judice, appellee owed Appellant Kenneth Gribben the duty of reasonable care. Reasonable care is that which would be used by an ordinarily prudent person under certain circumstances.Smith v. United Properties, Inc. (1965), 2 Ohio St.2d 310, paragraph two of the syllabus.
In construing the evidence in favor of appellants, as required by Civ.R. 56, we find Appellant Kenneth Gribben is within those to whom injury may be reasonably anticipated and therefore, appellee owed Appellant Kenneth Gribben a duty of reasonable care. The piece of steel appellant collided with was stationary and located at approximately face level. Appellant Kenneth Gribben testified, at his deposition, that he did not see the piece of steel while he was approaching his wife, but he did see it after he collided with it and fell to the ground. Depo. Kenneth Gribben at 58.
We also find appellee created a duty based upon its oral policy requiring the trailer bed to be flagged. According to appellee's president, Paul J. Miller, the company has a policy that requires "any overhanging load, 4 feet or more in length beyond the transporting truck or trailer bed to be `flagged' during the daylight hours and `flagged and lit' during nighttime hours." Answer #11, Appellants' first set of interrogatories. Although a flag was attached, at the warehouse, with a metal clip or wire twist, by the time the truck and trailer arrived at the premises of Appellant Kenneth Gribben's employer the flag was missing. Depo. Sam Stoltzfus at 25.
Accordingly, we find based upon the facts as set forth at the time of the summary judgment hearing and construing the evidence in favor of appellants, that appellee owed Appellant Kenneth Gribben a duty to warn him of the protruding piece of metal due to the foreseeable nature of the injury and appellee's oral policy.
Appellants' first assignment of error is sustained.
 II
In their second assignment of error, appellants contend the trial court erred when it sustained appellee's motion for summary judgment on the basis that R.C. 4513.03 does not apply to appellants' negligence per se theory. We disagree.
The statute appellants rely on, in support of this assignment of error, provides as follows:
 Whenever the load upon any vehicle extends to the rear four feet or more beyond the bed or body of such vehicle, there shall be displayed at the extreme rear end of the load, at the times specified in section 4513.03 of the Revised Code, a red light or lantern plainly visible from a distance of at least five hundred feet to the sides and rear. The red light or lantern required by this section is in addition to the red rear light required upon every vehicle. At any other time there shall be displayed at the extreme rear end of such load a red flag or cloth not less than sixteen inches square.
Appellants argue that the violation of the above statute constitutes negligence per se. In granting summary judgment on behalf of appellee, the trial court determined R.C. 4513.09 does not apply to private property since the statute specifically refers to "streets and highways". Judgment Entry, May 21, 1998, at 2. We agree with the trial court's conclusion and find R.C.4513.03 is inapplicable to appellants' negligence per se theory. Appellants' second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Holmes County, Ohio, is hereby affirmed in part; reversed in part and remanded for proceedings consistent with this opinion.
By: Wise, P. J., Gwin, J., and Farmer, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed in part, reversed in part and remanded.