OPINION
Plaintiff-appellant Tenille Mayo appeals the October 22, 1999 Judgment Entry entered by the Stark County Court of Common Pleas, granting the Motion for Summary Judgment filed by defendant-appellee Habitat for Humanity, Inc. (hereinafter "Habitat").
 STATEMENT OF THE FACTS AND CASE
Habitat is a non-profit entity which assists families in obtaining low cost housing. Habitat homes are constructed by volunteers, which include the member family, using donated materials and/or materials purchased with donated funds. Gail Mayo, appellant's mother, purchased a Habitat home, and the Mayo family, including appellant, moved into such home in November, 1991. On September 17, 1995, appellant, then 16 years old, fell while attempting to enter her mother's house from a stoop near the side door. Subsequently, on December 8, 1998, appellant filed a complaint for negligence against Habitat in the Stark County Court of Common Pleas. Appellant, in her complaint, alleged Habitat had negligently constructed the stoop at an improper height, causing a dangerous hazard. Appellant also alleged Habitat, in constructing the stoop, violated Ohio and Stark County Building Codes, and such violations constituted negligence per se. Habitat filed an answer and third-party complaint against Gail Mayo, appellant's mother, as the owner of the subject property, on January 4, 1999. In its third-party complaint, Habitat alleged Gail Mayo had failed to "properly maintain her property so as to be free from defects, despite knowledge of said defects." Gail Mayo filed an answer to the third-party complaint on January 29, 1999. Habitat voluntarily dismissed the third-party complaint without prejudice pursuant to a notice filed on May 17, 1999. Habitat filed a Motion for Summary Judgment on July 29, 1999. With leave of court, appellant filed a response to such motion on August 27, 1999. Via Judgment Entry filed October 22, 1999, the trial court granted Habitat's motion, finding appellant failed to establish Habitat owed a duty to her. It is from this Judgment Entry appellant appeals, raising the following assignments of error:
 I. APPELLEE WAS NEGLIGENT BY NOT COMPLETING THE STOOP AND DID OWE A DUTY TO THE APPELLANT.
II. INJURY TO APPELLANT WAS FORESEEABLE.
Summary Judgment Standard Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation, . . . that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. In reviewing the trial court's entry granting appellee's Motion for Summary Judgment, this court may consider only those materials in the record which were before the trial court. See State v. Ishmail (1978), 54 Ohio St.2d 402. This Court, therefore, cannot consider the majority of the exhibits attached to appellant's brief since the same were not before the trial court.
 I, II
Appellant's assignments of error challenge the trial court's granting Habitat's Motion for Summary Judgment. As a preliminary matter, this Court notes, contrary to Habitat's argument, Habitat, as a non-profit organization, is not immune from tort liability. See, Byrd v. Faber (1990), 57 Ohio St.3d 56, 57. In its October 22, 1999 Judgment Entry granting Habitat's Motion for Summary Judgment, the trial court specifically found Habitat owed no duty to appellant; therefore, was not liable for negligence. The trial court also found the open and obvious doctrine does not relieve Habitat from liability as said doctrine is only applicable when the defendant is the owner or occupier of the land. In order to recover on a negligence claim, a plaintiff must prove (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, and (3) the breach of the duty proximately caused the plaintiff's injury. See, Chambers, supra at 565 (Citations omitted). "The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability." Adelman v. Timman (1997), 117 Ohio App.3d 544, 549. Therefore, in order to overcome a motion for summary judgment, a plaintiff must identify a duty owed to him or her by the defendant, a breach of duty, and proximate cause. Keister v. Park Centre Lanes (1981),3 Ohio App.3d 19, 22-23. The existence of a duty is a question of law. Mussivand v. David (1989), 45 Ohio St.3d 314, 318. Further, the existence of a duty depends on the foreseeability of the injury. Huston v. Konieczny (1990), 52 Ohio St.3d 214, 217. "Only when the injured person comes within the circle of those to whom injury may be reasonably anticipated does the defendant owe him a duty of care." Adelman, supra, at 549 (Citation omitted). Additionally, an injury is foreseeable if a defendant knew or should have known his act was likely to result in harm to someone. Huston, supra at 217. Once the existence of a duty is found, a defendant must exercise that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances. Id. We find Habitat owed a duty to anyone, whether he or she was the homeowner, a family member, a guest, or merely an invitee or licensee to the premises, to construct the stoop in a workmanlike manner. Although a contractor is not the insurer of the safety of persons on the premises, the contractor, nevertheless, has a duty to perform in a workmanlike manner to avoid foreseeable injury to anyone who foreseeably uses or visits the premises. We find appellant came within the circle of those to whom injury could reasonably be anticipated and Habitat owed a duty to appellant to construct the stoop in a workmanlike manner. Because the trial court found the only duty owed by Habitat was to the homeowner, we find the trial court committed error in granting Habitat's summary judgment on this basis. Habitat asserts even if a duty existed, appellant's claim must fail under the open and obvious doctrine. Habitat claims the trial court erroneously rejected this argument. The open and obvious defense does not negate the existence of a duty, but rather acts to shift the responsibility for any resulting injury to the plaintiff. As stated, surpa, the trial court found the open and obvious doctrine does not apply because the doctrine only relieves the owner or occupier of land from liability. October 22, 1999 Judgment Entry at 2, unpaginated. We agree with the trial court. In Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, the Ohio Supreme Court held, "an independent contractor who creates a dangerous condition on real property is not relieved of liability under the doctrine which exonerates an owner or occupier of land from the duty to warn those entering the property concerning open and obvious dangers on the property." Id. at 645. Further, the affirmative defenses of contributory negligence and assumption of the risk are for the jury to resolve. Id. at 646. Because the trial court limited its analysis to the existence of a duty and to a determination the open and obvious doctrine is inapplicable, we shall not address whether the factual evidence appellant presented was sufficient to establish a breach of duty and/or to establish her injuries were proximately caused by such a breach. For the foregoing reasons, appellant's assignments of error are sustained. The Judgment of the Stark County Court of Common Pleas is affirmed in part and reversed in part and the matter is remanded to the trial court for further proceedings consistent with this opinion and the law.
 ______________________ Hoffman, P.J.
By: Edwards, J. concur Milligan, V.J. dissents