JOURNAL ENTRY AND OPINION
Plaintiff-appellant Rozena Carlton appeals from the tria court's decision granting summary judgment of defendant-appellee Alfreda Williams. The appellant was injured when she slipped and fell in a home owned by the appellee.
The parties are not in disagreement as to the essential facts. On May 3, 1998, the appellant traveled to Cleveland from Michigan for a funeral of a relative, Eugene Russell. The appellant stayed overnight with her cousin, the appellee, in the appellee's apartment located 9523 Dickens.[1] The appellee is the owner of a two-story duplex and lives in the upstairs apartment. Mr. Russell formerly resided in the downstairs apartment and was a relative of both the appellant and the appellee.
The apartments are connected by an inside stairwell, however, this stairwell is located outside of each apartment. There is a doorway from each apartment leading to the stairwell (Williams Depo. T. 8). At the time of the appellant's accident, there was no handrail in the stairwell. The handrail had been removed when a chairlift was installed for an elderly relative who formerly resided with the appellee.
After the funeral on May 4, 1998, there was a family gathering at which food and beverages were served.[2] At some point in the afternoon, the appellant went up the stairs to retrieve a blouse she had neglected to pack for her return trip to Michigan. She estimated that she was upstairs for approximately five minutes. On her way back down the stairs, the appellant slipped and fell on the last step. The appellant believes that she slipped on a splatter of pop which had been spilled by a child ascending the stairs as she was descending. As a result of this fall, the appellant suffered two broken ankles.
The appellant asserts the following two related assignments of error which will be considered together:
 SUMMARY JUDGMENT SHOULD NOT HAVE BEEN GRANTED IN FAVOR OF APPELLEE BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST WITH RESPECT TO EACH AND EVERY ELEMENT OF APPELLANT'S CASE IN CHIEF.
 SUMMARY JUDGMENT SHOULD NOT HAVE BEEN GRANTED IN FAVOR OF APPELLEE BECAUSE THE OHIO SUPREME COURT IN SHUMP v. FIRST CONTINENTAL-ROBINWOOD ASSOCIATES(1994), 71 Ohio St.3d 414, 420, 644 N.E.2d 291, 297, HELD THAT THE COMMON LAW LEGAL STATUS OF APPELLANT UPON APPELLEE'S PREMISES IS NOT TO BE CONSIDERED WHEN THE APPELLEE HAS BREACHED A STATUTORY DUTY OF CARE.
In the first assignment of error the appellant asserts that there are two issues under dispute. The first is whether the removal of the handrails, in violation of the local ordinance and the Landlord Tenant Act, constituted negligence per se. An expert report was attached as evidence to the appellant's brief in opposition to the motion for summary judgment which opined that the removal of the handrail was the proximate cause of the appellant's fall. The second issue in dispute is whether such negligence made it impossible for the appellant to stabilize herself and avoid her injuries.
In the second assignment of error, the appellant asserts that under Shump v. First Continental-Robinwood Assoc. (1994), 71 Ohio St.3d 414, a landlord is liable to a tenant's guest for the breach of duty imposed on the landlord pursuant to local ordinance. The appellant states that, under Shump, a landlord owes the same duty to persons lawfully on the leased premises as the landlord owes to a tenant. Thus, the appellant concludes that because she was on a leased premises, the appellee owed her the same duty as owed to the tenant.
This court reviews the lower court's grant of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704. An appellate court applies the same test as the trial court. Zaslov v. The May Dept. Stores Co. (Oct. 1, 1998), Cuyahoga App. No. 74030, unreported. Summary judgment is appropriately rendered when no genuine issue as to any material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; it appears from the evidence that reasonable minds can come but to one conclusion; and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Turner v. Turner (1993), 67 Ohio St.3d 337, citing to Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, and Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. A court is permitted to grant a motion for summary judgment where all of the tests provided in Civ.R. 56 are met. See Celotex Corp. v. Catrett (1986), 477 U.S. 317, 323.
In Shump, supra, the Supreme Court considered a case where a tenant and his guest died in a fire due to the lack of properly placed smoke detectors. When considering the duty of the landlord to a tenant, the court stated, The legal duty that a landlord owes a tenant is not determined by the common-law classifications of invitee, licensee, and trespasser under the law of premises liability; instead, a landlord's liability to a tenant is determined by a landlord's common-law immunity from liability and any exceptions to that immunity that a court or a legislative body has created, Shump at 418. The court further noted that the exceptions have nearly swallowed up the general rule of landlord immunity. For an example of statutory abrogation of common-law immunity, see Ohio's Landlord Tenant Act at Chapter 5321 of the Revised Code.
However, in Shumpthe court was principally concerned with the duty of a landlord to a tenant's guest. At the syllabus, the court held:
 A landlord owes the same duties to persons lawfully upon the leased premises as the landlord owes to the tenant. (Stackhouse v. Close [1911], 83 Ohio St. 339, 94 N.E. 746, paragraph one of the syllabus; 2 Restatement of the Law 2d, Torts [1965], Sections 355 to 362, approved and adopted; and Restatement of the Law 2d, Property [1977], Sections 17.6 and 19.1, approved.)
In the body of the opinion, the court explained its reasoning for this holding:
 It is axiomatic that, under the common law of premises liability, the status of the person who enters upon the land of another (i.e., trespasser, licensee, or invitee) defines the scope of the legal duty that the responsible party owes the entrant. Because one person is usually both the owner and possessor of real estate, in many premises liability cases no question arises as to who has the responsibility to maintain a premises in a safe condition. Where a party other than the owner possesses a premises (as in the case of a leased premises), under the common law of premises liability, the possessor or occupier and not the owner owes the applicable legal duty to the entrant. See 5 Harper, James Gray, Law of Torts (2 Ed. 1986) 134, 271, Sections 27.2 and 27.16 (Harper 
James); Prosser Keeton, Law of Torts (5 Ed. 1984) 434, Section 63 ("Prosser"); Page, Law of Premises Liability (1976) 2-3; 2 Restatement of the Law 2d, Torts (1965), Sections 328E to 350. (Emphasis added.)
The reasoning set forth by the Court in Shump, supra, makes clear that the Ohio Supreme Court based its opinion on the fact where there is a lease, the owner is not the occupier and thus, traditionally, escapes liability for injuries suffered by guests. The case sub judice is vastly different. Appellee, the owner, is the occupier of the land and, more importantly, the appellant was the guest of the appellee, not the tenant. The conclusion that the Landlord Tenant Act does not apply is inescapable.
Although the appellant has failed to make a prima facie case that the appellee was not negligent per se, this court must still consider whether or not the appellee was negligent. In Ohio, the status of the person who enters upon the land of another (i.e., trespasser, licensee, or invitee) continues to define the scope of the legal duty that the landowner owes the entrant. Gladon v. Greater Cleveland Transit Auth. (1996),75 Ohio St.3d 312. One who is invited to the home of another is a social guest. See Williams v. Henderson (Oct. 19, 2000), Cuyahoga App. No. 76366, unreported.
In Williams, supra, the court noted that:
 The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability." Adelman v. Timman (1997), 117 Ohio App.3d 544, 549, 690 N.E.2d 1332 citing Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616-617; Feichtner v. Cleveland, 95 Ohio App.3d 388, 394, 642 N.E.2d 657, 661, appeal not allowed (1994), 70 Ohio St.3d 1476, 640 N.E.2d 848. The parties agree that the duty owed by the [owner] to [the guest] was that of a host toward a social guest. The duty owed to a social guest is described in paragraphs two and three of the syllabus in Scheibel v. Lipton (1951), 156 Ohio St. 308, 102 N.E.2d 453:
 2. A host is not an insurer of the safety of a guest while upon the premises of the host and there is no implied warranty on the part of a host that the premises to which a guest is invited by him are in safe condition.
 3. A host who invites a social guest to his premises owes the guest the duty (1) to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises, and (2) to warn the guest of any condition of the premises which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition.
Applying this analysis, this court found that a home owner has no duty to warn a guest of the absence of a handrail.
Here, the appellant testified at her deposition that she had previously traversed the stairs. As noted in Williams, supra, it is reasonable to charge her with the knowledge of the absence of a handrail. Additionally, the appellant testified that the substance upon which she slipped had just been spilled as she was descending the stairs. Based on these facts, the appellee owed no duty to the appellant to inform her of the absence of a handrail and did not fail in her duty to exercise ordinary care.
The appellant's first and second assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KENNETH A. ROCCO, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
[1] There is some question as to whether this address is in Cleveland or Cleveland Heights.
[2] The appellant stated that refreshments were served in the downstairs apartment (Carlton Depo. T. 13) while the appellee stated that the food was served in both apartments (Williams Depo. T. 12). This discrepancy is of no import to this opinion.