DECISION AND JUDGMENT ENTRY
{¶ 1} HHA Services, Inc. ("HHA") appeals the decision of the Scioto County Court of Common Pleas, granting Southern Ohio Medical Center ("SOMC") summary judgment. Because we find that the meaning of the contract is clear and unambiguous, and the parties intended to enter into a contract for three one-year terms, we hold that summary judgment in SOMC's favor is appropriate. Accordingly, we overrule HHA's two assignments of error and affirm the judgment of the trial court.
 I. {¶ 2} On March 1, 1999, HHA and SOMC executed a contract, wherein HHA agreed to provide certain laundry management services to SOMC for a monthly fee. The agreement provided: "Contract Life: The term of this Agreement is for three (3) — one (1) year periods beginning March 1, 1999 and ending February 28, 2002. It is agreed by the parties hereto that if, in the event of an alleged breach of any of the provisions of the Agreement, the offended party shall, by written notice, give to the offending party, 90 days or a corrective action plan in place with an agreed date of completion, commencing with the receipt of said notice to correct the alleged breach. In the event said alleged breach is not remedied within the 90 day period, the offended party may, at its discretion, give written notice to the offending party that at the end of an additional 90 day period, the offended party shall consider this Agreement canceled, and that it intends to be released from all obligation thereunder. In the event no notification is given by either party 90 days prior to the end of each one (1) year period, Agreement is to be automatically renewed for another one (1) year period, under the same terms and conditions."
 {¶ 3} The last sentence of the above quoted paragraph is the subject of the parties' dispute. On December 28, 2001, SOMC sent HHA a letter stating that it intended to terminate the agreement effective March 1, 2002. On June 21, 2002 HHA filed a complaint for breach of contract against SOMC in the Scioto County Court of Common Pleas, alleging that SOMC's December 28, 2001 notification of intent to terminate the contract was not timely sent, and, therefore, the contract automatically renewed for a fourth year.
 {¶ 4} After conducting discovery, SOMC filed a motion for summary judgment, alleging that no issue of material fact remained, and it was entitled to judgment as a matter of law. HHA filed a timely memorandum in opposition and a cross-motion for partial summary judgment, wherein it requested a partial summary judgment on the issue of SOMC's liability.
 {¶ 5} On November 15, 2002, the trial court heard oral argument on the motion and cross-motion for summary judgment. On April 3, 2003, the trial court issued a decision and judgment entry. In its decision, the trial court noted that the disputed sentence immediately follows language that pertains to notification in the event one party breaches the contract. Specifically, the contract provides that, in the event of a breach, the offended party shall give 90 days written notice to correct an alleged breach, or provide a corrective action plan. In the event that the offending party fails to remedy the breach in the allotted time, the offended party may give a second written notice, stating that at the end of an additional 90 day period, the offended party may consider the contract canceled.
 {¶ 6} The trial court found the word "notification" as used in the contract refers to a notification of non-compliance or breach, rather than a notification of either party's intent to terminate the contract at the end of any given one year term. Additionally, the trial court found it significant that the agreement provided for three (3) — one year periods, rather than one three (3) year term, because this distinction made the disputed sentence necessary to extend the contract at the end of the first and second years. Therefore, the trial court concluded that the intent of the disputed sentence, in its context, was to renew the contract each year, but not to extend the contract beyond the third year. Accordingly, the trial court granted SOMC's motion for summary judgment.
 {¶ 7} HHA filed a timely appeal raising the following assignments of error: "I. Whether or not the Court of Common Pleas erred in granting Defendant-Appellee's Motion for Summary Judgment. II. Whether or not the Court of Common Pleas erred in denying HHA Services' Motion for Partial Summary Judgment."
 II. {¶ 8} Summary judgment is appropriate when the court finds that the following factors have been established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor. Civ.R. 56. See Bostic v. Connor (1988), 37 Ohio St.3d 144, 146; Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66; Morehead v.Conley (1991), 75 Ohio App.3d 409, 411. "In reviewing the propriety of summary judgment, an appellate court independently reviews the record to determine if summary judgment is appropriate. Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. at 411-12. See, also, Schwartz v. Bank One, Portsmouth,N.A. (1992), 84 Ohio App.3d 806, 809.
 {¶ 9} The burden of showing that no genuine issue of material fact exists falls upon the party requesting summary judgment. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler (1988)38 Ohio St.3d 112, 115. The moving party bears this burden even for issues for which the nonmoving party may bear the burden of proof at trial. Id. "However, once the movant has supported his motion with appropriate evidentiary materials, the nonmoving party may not rely upon the allegations and/or denials in his pleadings. * * * He must present evidentiary materials showing that a material issue of fact does exist."Morehead at 413.
 {¶ 10} Here, the only disputed issue is the meaning of the following sentence: "In the event no notification is given by either party 90 days prior to the end of each one (1) year period, Agreement is to be automatically renewed for another one (1) year period, under the same terms and conditions." HHA argues that, based upon this disputed sentence, SOMC's failure to provide 90 days notice of its intent to terminate the contract at the end of the third year automatically renewed the contract for another year. In contrast, SOMC argues that the contract clearly and unambiguously provided for three one year periods, beginning March 1, 1999 and ending February 28, 2002. Additionally, SOMC argues that the 90 day notice requirement applies to each one year period "within" the total three years of the contract.
 {¶ 11} The courts of Ohio have routinely held that "[c]ontracts are to be construed so as to give effect to the intent of the parties, and that intent is presumed as a matter of law to be fully revealed in the language the parties choose to incorporate into the agreement." Adelmanv. Timman (1997), 117 Ohio App.3d 544, 550, citing Indiana Ins. Co. v.Carnegie Constr., Inc. (1995), 104 Ohio App.3d 219, 222-223. "When the terms of a contract are unambiguous, courts look to the plain language of the document and interpret it as a matter of law." Gasel Transp. Lines,Inc., v. General Sec. Ins. Co., Washington App. No. 00CA30, 2001-Ohio-2442, citing Latina v. Woodpath Dev. Co. (1991),57 Ohio St.3d 212, 214; Alexander v. Buckeye Pipeline Co. (1978),53 Ohio St.2d 241, at paragraph one of the syllabus. "However, if a term cannot be determined from the four corners of a contract, factual determination of intent or reasonableness may be necessary to supply the missing term." Inland Refuse Transfer Co. v. Browning — FerrisIndustries of Ohio, Inc. (1984), 15 Ohio St.3d 321, 322. Where contractual language is susceptible of at least two fairly reasonable, but conflicting interpretations, there exists a triable issue of fact, making summary judgment inappropriate. Wells v. American Elec. Power Co.
(1988), 48 Ohio App.3d 95, 97.[1]
 {¶ 12} Taken in isolation, the disputed sentence appears to automatically renew the contract for another one year term in the event neither party provides the other with 90 days notice prior to the end of a one year term, as HHA argues. However, as the trial court found, the disputed sentence immediately follows provisions regarding the parties' rights and obligations in the event that one party breaches the agreement. Thus the trial court concluded that, in context, the term "notification" refers to a notification of non-compliance or breach, rather than a notification of either party's intent to terminate the contract at the end of any given one year term. The trial court then found that, because the contract provided for three one-year periods instead of one three-year period, the disputed sentence was necessary to extend the contract from the first year into the second year, and from the second year into the third year. We agree with the trial court's reading of the contract. In viewing the contract as a whole, it is evident that "the intent of this sentence and paragraph is to renew a contract each year, but not to extend the contract after the third year."
 {¶ 13} Based upon the foregoing, we find that: there is no genuine issue as to any material fact; SOMC is entitled to judgment as a matter of law; and reasonable minds can come to only one conclusion, and, construing the evidence most strongly in favor of HHA, that conclusion is adverse to HHA. Accordingly, we overrule HHA's two assignments of error and affirm the judgment of the trial court.
Judgment Affirmed.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.
[1] I don't have the citation offhand, but I know I have written a couple of cases where we state that we must give effect to every word or term in a contract. Since we resolve this dispute first by noting that the term taken in isolation appears to mean one thing (but taken in context means another), this might be a good proposition of law to include here.