PATRICK, APPELLEE, *v.* THE WESTERN UNION TELEGRAPH CO., APPELLANT.

(No. 3972—Decided April 8, 1949.)

Mr. *H. H. Sprigle,* for appellee.
Messrs. *Wise, Roetzel, Maxon, Kelly & Andress,* for appellant.

DOYLE, J.  The plaintiff's petition declared for the recovery of damages for the failure of the defendant to transmit to her, within a reasonable time, a telegraphic order to pay money.  The appeal is by The Western Union Telegraph Company from a judgment for $500 entered upon the verdict of a jury in favor of the plaintiff and against the said company.

The evidence, reduced to its material aspect, tends to prove that on April 28, 1946, Guy Patrick gave to the telegraph company's employee at the Akron, Ohio, office, $40 cash, and $1.69 representing charges, tolls

and tax, to send to his wife, Ollie Patrick, the said $40 as a telegraphic money order. The order was addressed: "Mrs. Ollie Patrick, c/o Jennett Graise, Newtown, Union Springs, Ala." The message to be delivered with the order was: "Ship ladder." The instructions given by the sender to the company's employee is reflected in the record of his testimony as follows:

"Well, I talked to the girl at the desk, and I asked her how long it would take to get that message through, because it was a very important message, I wanted them to receive it at once, and she told me that it would take two hours for that to get through. I said 'Well, that is O. K., if it gets there today that will be all right. I wanted to be sure that she can get the money in the morning,' and so and so, that is all I know about it."

It further appears that six days later—on May 4, 1946—plaintiff received a letter from her husband stating that he had wired her money; at about 6 p. m. on this day, she called at the telegraph office and found it closed; the next day (Sunday) she again called and found the office closed; on the next morning, May 6th, she was given the money pursuant to her call.

It is the claim of the plaintiff, and she so testified, that she was afflicted with diabetes; that she needed the money to purchase insulin and certain special foods to be used by her in treating the disease, and that she asked her husband to send money for that purpose; that, as a result of the company's delay in delivering the money order, she was unable to make these urgent purchases at a time when they were needed, the result of which caused her serious physical injury and discomfort.

One of the errors urged is that "the court erred in submitting the question of special damages to the

jury." To this claim, attention is now directed.

The case here under review was an action and trial growing out of a claimed breach of duty—tort—rather than out of a claimed breach of contract. As applicable to such an action, the general rule may be stated as follows: A telegraph company is liable for such damages as naturally and proximately flow from its negligent failure to transmit and deliver a message or money order without unreasonable delay.

If the action had been based upon breach of contract, the rule of damages pronounced in *Hadley* v. *Baxendale*, 9 Eng. Exch., 341, 156 Eng. Rep. R., 145, would be applicable. It has been consistently followed in this state. *Western Union Telegraph Co.* v. *Sullivan*, 82 Ohio St., 14, 91 N. E., 867, 137 Am. St. Rep., 754; *First National Bank of Barnesville* v. *Western Union Telegraph Co.*, 30 Ohio St., 555, 27 Am. Rep., 485; *Concrete Steel Co.* v. *Erie Rd. Co.*, 28 N. P. (N. S.), 464. By the rule there stated, damages for breach of contract are confined to such as "may fairly and reasonably be considered either arising naturally, *i. e.*, according to the usual course of things, from such breach of contract itself, or *such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract,* as the probable result of the breach of it." (Italics ours.)

In distinction to the above rule applicable to contracts, we have, in this state, the rule that, in tort liability, the wrongdoer is generally held to be liable for the injurious results which flow from the wrongful act by *ordinary* and *natural sequences.*

"In delimiting the scope of duty to exercise care, regard must be had for the probability that injury may result from the act complained of. No one is bound to take care to prevent consequences, which, in the light of human experience, are beyond the range of

probability.  Only when the injured person comes within the circle of those to whom injury may reasonably be anticipated does the defendant owe him a duty of care. * * *

"* * * * It is enough that the probability of injury to those in the plaintiff's general situation should have been perceived by a reasonably prudent and careful person." *Gedeon, Admr., v. East Ohio Gas Co.,* 128 Ohio St., 335, at p. 338, 190 N. E., 924.

Under this doctrine of tort liability, while one is expected to anticipate and guard against all foreseeable consequences, he is not bound to foresee and provide against that which no reasonable man would expect to happen.  In this state, damage growing out of negligence is tested by the reasonable foreseeability of an event which may result in injury.

In *Clemens* v. *Western Union Telegraph Co.,* 28 A. (2d), 889, at p. 891 (1942), appears the following statement, which we recognize as the pronouncement of a sound doctrine:

"* * * In actions sounding in tort brought against telegraph companies for damage resulting from the failure to transmit or deliver messages, * * * there is to begin with a definite contractual relationship. The delictual and contractual conceptions of liability co-exist.  If the action is *ex contractu,* the damages are called special, and are limited under the rule in *Hadley* v. *Baxendale.*  If the action is *ex delicto,* the damages are necessarily consequential, and the question is with respect to the right to recover such damages.  Special damages in the one form of action mean substantially the same thing as consequential damages in the other form of action."

In 27 Am. & Eng. Ency. of Law (Second Ed.), 1059, it is stated:

"While actions against telegraph companies are not

necessarily or usually *ex contractu,* but *ex delicto* for a breach of a public duty, the cause of action is so far dependent upon the original contract of sending as to make the rule just stated (*Hadley* v. *Baxendale*) controlling, and it has been universally applied in this class of actions without regard to whether the particular action is *ex contractu* or *ex delicto.*"

Again, in *Kerr Steamship Co., Inc.,* v. *Radio Corp. of America,* 245 N. Y., 284, 157 N. E., 140, 55 A. L. R., 1139:

"* * * there is little trace of a disposition to make the measure of the liability dependent on the form of action."

The case under consideration, as heretofore stated, was tried as an action in tort. The jury found the defendant company negligent in its failure to deliver the message and money order within a reasonable time. We find that the evidence justified this conclusion. Establishing, as we do, the legality of this premise, our next step is to determine whether the evidence justified a judgment for consequential damages in excess of the actual cost of the message.

If the company, through its servants, had notice, from the message itself, or from some circumstance attending its transmission, or from other information furnished with the message, that a delay in delivery would probably be attended with other damage, and such damages could have been anticipated and foreseen by a prudent business man as a natural and probable consequence of a negligent delay in delivery, then a judgment for consequential damages, *ex delicto,* would be justified.

The question of proximate cause is one usually for the jury. It is generally a mixed question of law and fact. But in a case where reasonable minds could not differ on the question of fact or the reasonable infer-

ences to be drawn therefrom, it is the duty of the court to determine the question as a matter of law. *Hamden Lodge* v. *Ohio Fuel Gas Co.*, 127 Ohio St., 469, 189 N. E., 246.

And ''Under our law it is just as pernicious to submit a case to a jury and permit the jury to speculate with the rights of citizens when no question for the jury is involved, as to deny to a citizen his trial by jury when he has the right.'' *J. C. Penny Co.* v. *Robison*, 128 Ohio St., 626, paragraph six of syllabus, 193 N. E., 401, 100 A. L. R., 705.

Now, assuming that it is established by sufficient evidence that, if the money had been immediately made available to the plaintiff, she could and would have purchased and used insulin and special foods which would have saved her from the condition of illness which she described, such a situation, under the evidence in the record before us, could not fairly and reasonably have been foreseen according to the usual course of things from a default in not promptly delivering the message and money order. Certainly, there were no special circumstances indicated in the message itself or from any other source, from which it could reasonably be foreseen that a physical injury would result from an unreasonably delayed delivery. The person who sent the message gave no such indication in the message itself, nor did he acquaint the servant of the defendant with any fact except that it was an important message and that he wanted to be sure that it would arrive by the next morning.

It is our conclusion that this evidence falls far short of sustaining the essential elements of liability for physical injury, and that on this question reasonable minds could come to no other conclusion.

The judgment will be reversed as being contrary to law, and, there being no dispute of facts herein, this

court will enter the judgment which the trial court should have rendered.

It is ordered that plaintiff recover from defendant $1.69, the cost of said message, plus interest on $40 at 6% for eight days, and her costs herein expended.

*Judgment accordingly.*

Stevens, P. J., and Hunsicker, J., concur.