[Cite as *State ex rel. Dann v. Tabacalera Nacional, S.A.A.*, 2012-Ohio-5300.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

STATE OF OHIO, ex rel. ATTORNEY GENERAL MARC DANN

    Plaintiff/Counter Defendant

    v.

TABACALERA NACIONAL, S.A.A.

    Defendant/Counter Plaintiff

Case No. 2008-09848-PR

Judge Clark B. Weaver Sr.
Magistrate Lewis F. Pettigrew

DECISION OF THE MAGISTRATE

{¶ 1} On May 20, 2011, the court granted summary judgment in favor of defendant/counter plaintiff, Tabacalera Nacional, S.A.A. (Tanasa) on its counterclaim against plaintiff/counter defendant, State of Ohio, ex rel. Attorney General Marc Dann (the State). On March 12, 2012, this case was tried to a magistrate on the issue of damages.

{¶ 2} This case concerns a settlement agreement between the State and Tanasa relating to the sale of cigarettes in Ohio. Tanasa is a Peruvian tobacco manufacturer which was engaged in the sale of cigarettes in Ohio. As such, Tanasa was required by R.C. 1346.02 either to participate in a 1998 Master Settlement Agreement (MSA) or to make deposits into a "qualified escrow fund" (escrow fund). Tanasa elected not to participate in the MSA and began making deposits into the escrow fund. On June 20, 2003, the State brought suit against Tanasa alleging that Tanasa had failed to make sufficient deposits. That suit was ultimately settled and dismissed by the parties pursuant to the terms of a March 1, 2004 settlement agreement whereby Tanasa

promised to make the appropriate deposits into the escrow fund and the State agreed to dismiss the action and release Tanasa from further liability.

{¶ 3} On December 10, 2007, the State filed a complaint in the Franklin County Court of Common Pleas alleging that Tanasa failed to deposit the required amount into the escrow fund in violation of R.C. 1346.02. On August 29, 2008, Tanasa filed a counterclaim seeking a declaratory judgment and alleging breach of contract. The subsequent filing of a petition for removal effected the removal of the entire case to this court. On December 3, 2008, the State filed an amended complaint seeking damages for breach of settlement agreement.

{¶ 4} On May 20, 2011, the court granted Tanasa's motion for summary judgment as to the claim for breach of contract. Therein the court stated: "In short, the court concludes that the language of the agreement does not require Tanasa to make 2003 escrow deposits beyond April 15, 2004. Accordingly, Tanasa cannot be held liable to the State, as a matter of law, for its failure or refusal to make any such deposits. * * * Turning to Tanasa's claim, "'[w]hen a party breaches a settlement agreement to end litigation and the breach causes a party to incur attorney fees in continuing litigation, those fees are recoverable as compensatory damages in a breach of settlement claim.'" *Tejada-Hercules v. State Auto. Ins. Co.*, Franklin App. No. 08AP-150, 2008-Ohio-5066, ¶9, quoting *Shanker v. Columbus Warehouse Ltd. Partnership* (Mar. 31,1997), Franklin App. No. 96APE09-1269. Having determined that the settlement agreement is valid and enforceable as a matter of law, there is no question but that the State has breached the agreement by filing suit herein."

{¶ 5} The damages for breach of contract are those that "'naturally flow from the breach of contract, or such as may fairly be supposed to have been within the contemplation of the parties, at the time the contract was made.'" *Western Union Tel. Co. v. Sullivan* (1910), 82 Ohio St. 14, 21, quoting *First Natl. Bank of Barnesville v. Western Union Tel. Co.* (1876), 30 Ohio St. 555. See also *Patrick v. Western Union Tel. Co.* (1949), 86 Ohio App. 365; *Rhodes v. Baird* (1866), 16 Ohio St. 573; *R & H*

*Trucking, Inc. v. Occidental Fire & Cas. Co.* (1981), 2 Ohio App.3d 269. As a general rule, in an action upon a contract, a prevailing party who does not have the benefit of a contractual right to attorney fees, is not entitled to such fees as costs in the absence of a statute or bad faith on the part of the party against whom fees are to be taxed. See, e.g., *State ex rel. Durkin v. Ungaro* (1988), 39 Ohio St.3d 191, 193; *Gahanna v. Eastgate Prop., Inc.* (1988), 36 Ohio St.3d 65, 66.

{¶ 6} However, an exception to the general rule has been carved out for actions alleging the breach of a settlement agreement. In *Tejada-Hercules,* supra, the Tenth District Court of Appeals stated: "'When a party breaches a settlement agreement to end litigation and the breach causes a party to incur attorney fees in continuing litigation, those fees are recoverable as compensatory damages in a breach of settlement claim. Because defendant's attorney fees are attributable to and were incurred as the result of plaintiffs' breach of the settlement agreement, defendant is entitled to recover those fees in order to make whole and compensate him for losses caused by plaintiffs' breach.'" Id. at ¶9, quoting *Shanker,* supra. See also *Dehoff v. Veterinary Hosp. Operations of Cent. Ohio, Inc.*, Franklin App. No. 02AP-454, 2003-Ohio-3334. (Recovery of attorney fees as compensatory damages for the breach of a settlement agreement is limited to those circumstances where the agreement ends pending litigation.)

{¶ 7} Accordingly, under the common law, Tanasa is entitled to attorney fees inasmuch as the State has breached a settlement to end litigation and Tanasa has incurred fees attributable to the breach. *Western Union v. Sullivan,* supra.

{¶ 8} In support of its claim for attorney fees and litigation expenses, Tanasa presented the testimony of trial counsel Kimberly Doucher and its expert witness, attorney John Mazza. Tanasa seeks to recover the fees and expenses generated by local counsel, the law firm of Doucher & Doucher, LPA (Doucher firm) as well as those generated by attorney J. Weis of Levin & Ginsburg, a Chicago based law firm.

{¶ 9} Defendant objected to the expert testimony of attorney Mazza, pursuant to L.C.C.R. 7(E), inasmuch as Tanasa had failed to timely provide a supplemental expert report setting forth Mazza's additional opinions regarding the legal fees generated by Weis. The State also objected to opinion testimony regarding fees generated by the Doucher firm subsequent to the issuance of Mazza's report.

{¶ 10} L.C.C.R. 7(E) provides in relevant part:

{¶ 11} "(E) Expert witnesses.

{¶ 12} "Each trial attorney shall exchange with all other trial attorneys, in advance of the trial, written reports of medical and expert witnesses expected to testify. The parties shall submit expert reports in accordance with the schedule established by the court.

{¶ 13} "A party may not call an expert witness to testify unless a written report has been procured from said witness. It is the trial attorney's responsibility to take reasonable measures, including the procurement of supplemental reports, to insure that each such report adequately sets forth the expert's opinion. However, unless good cause is shown, all supplemental reports must be supplied no later than thirty days prior to trial. The report of an expert must reflect his opinions as to each issue on which the expert will testify. *An expert will not be permitted to testify or provide opinions on issues not raised in his report."* (Emphasis added.)

{¶ 14} Tanasa acknowledges that a supplemental report was not provided to the State. Therefore, the court sustains the State's objection and shall not consider any expert testimony regarding such fees.[1] However, inasmuch as the Doucher firm has continued to generate compensable legal fees and expenses in this case, up to and including the day of trial, the court finds that strict compliance with L.C.C.R. 7(E) is impractical and, accordingly, the court will consider Mazza's opinions regarding such fees in the absence of a supplemental expert report.

---

[1] To preserve the record for review, Tanasa proffered both the trial testimony of attorney Weis and the excluded expert testimony of attorney Mazza.

{¶ 15} The State also objected to the presentation of any evidence by Tanasa on the issue of attorney fees and litigation expenses on the grounds that Tanasa has willfully failed to comply with both the Rules of Civil Procedure and the orders of this court with regard to discovery. Tanasa has admitted that an itemized invoice regarding the legal fees and expenses generated by attorney Weis was not provided to the State until several months beyond the date when such discovery was due under the Rules of Civil Procedure and the State maintains that such information was not made available within the time required by the court's September 26, 2011 order compelling such discovery. Although the court has permitted Tanasa to supplement discovery with respect to the Doucher fees and expenses, without penalty, Tanasa's failures with respect to the Weis fees are more egregious.[2] The fact that two law firms in different cities are representing a single client in one litigation raises the possibility of redundancy. Tanasa has provided the court with no reasonable excuse for its failure to timely provide such discovery and the court finds that Tanasa's late production of a Weis' itemized invoice has unfairly prejudiced the State in its defense of Weis' fees. Thus, to the extent that a reviewing court may consider an award to Tanasa for the Weis fees, without the aide of a corroborating expert opinion,[3] the court finds that

---

[2]On September 26, 2011, the court granted the State's motion to compel production of documents and ordered Tanasa to provide the State with complete and un-redacted responses to pending discovery requests "within 10 days of the date of this entry." Although itemized fee invoices from the Doucher firm were provided, Tanasa did not timely provide discoverable information regarding Weis fees.

[3]"Although courts are deemed to be experts on the question of the reasonableness of an attorney's fee and able to draw on their own knowledge and experience in determining a reasonable fee, the testimony of duly qualified witnesses, given as expert opinion evidence, is admissible on the issue of the value of an attorney's services. Generally the testimony of expert witnesses is not essential, but at times a fair and reasonable compensation for the professional services of a lawyer can only be ascertained by the opinion of members of the bar who have become familiar by experience and practice with the character of such services; practicing lawyers occupy the position of experts on questions of this nature. * * *

"The opinion evidence of expert witnesses as to the value of an attorney's services is not conclusive or binding * * * on the court * * *. The services of an attorney, when rendered in litigation before the same court that is passing on the value of such services, may, of themselves, constitute evidence from which the court alone, unaided by opinion of others as to value, or even contrary to opinion evidence, may reach a conclusion." 7 American Jurisprudence 2d, Attorneys at Law, Sections 306-307.

Tanasa's failure to comply with both the Rules of Civil Procedure regarding discovery and the spirit of the court's orders regarding such discovery precludes an award of Weis' fees to Tanasa.

{¶ 16} With respect to the fees and expenses billed to Tanasa by the Doucher firm, Kim Doucher testified that her firm agreed to represent Tanasa in this litigation in 2008 and that Tanasa and the Doucher firm entered into a fee agreement whereby she would provide legal services at an hourly rate of $195. Although there are correspondence regarding the arrangement, there is no written agreement.

{¶ 17} Attorney Doucher testified that the vast majority of the legal fees generated by her firm were the result of her own work on the file at the rate of $195 per hour and that a small amount of fees are attributable to a legal assistant whose services are billed at a lower rate. Doucher testified that her work on this case began in 2008 when the State filed its complaint against Tanasa in Franklin County Common Pleas Court and that her work on the case has continued periodically through the date of trial. Doucher identified and authenticated a number of invoices reflecting both the fees and expenses generated by her firm on this case. (Defendant/Counter Plaintiff's Exhibits B-K.) Doucher estimated that an additional $5,850 in fees and expenses would be incurred by Tanasa in connection with her work concerning the trial on the issue of damages.

{¶ 18} According to Doucher, the charges reflected in Defendant/Counter Plaintiff's Exhibits B through H have been paid by Tanasa in full, with the single exception of an invoice which was reduced by $995 due to some duplication of effort. Doucher testified that a total of $18,991.55 has been paid to date, that she fully expects Tanasa to pay the remaining $13,211.75 in full, and that she intends to hold her client responsible for the estimated $5,850 in fees and expenses which have yet to be invoiced.

{¶ 19} John Mazza is an attorney licensed to practice law in Ohio since 1977. According to Mazza, his legal practice has consisted almost exclusively of civil litigation. Mazza reviewed the record in this case, the itemized invoices submitted by the Doucher

firm, and some research produced by the firm.  Based upon his knowledge, skill and 35 years of experience as a litigation attorney, Mazza opined that the hourly rate of $195 was reasonable and that legal work and expenses reflected in the invoices were necessary in the competent prosecution of Tanasa's case.

{¶ 20} Other than the State's blanket objection to the presentation of any testimony on the issue of damages, the State offered no evidence to rebut Mazza's opinions.  Based upon the evidence submitted, the court finds that Tanasa has incurred reasonable and necessary legal fees and expenses in the total amount of $38,053.30, both in the defense of the complaint and in prosecution of its counterclaim.  The State's contention that an unidentified third party has paid the legal fees and that such payment constitutes a collateral source pursuant to R.C. 2743.02(D), is unsupported by the law and the evidence.

{¶ 21} "It is axiomatic that a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and that such agreements are valid and enforceable by either party. * * * Further, settlement agreements are highly favored in the law." *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502, 1996-Ohio-158.  (Citations omitted.)  The award of attorney fees against the state where the state has breached a settlement agreement is consistent with both the policy favoring settlement and the waiver of state's waiver of immunity pursuant to R.C. Chapter 2743.

{¶ 22} Based upon the foregoing, judgment is recommended in favor of defendant/counter plaintiff on its counterclaim in the total amount of $38,053.30.

{¶ 23} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i).  If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed.  A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a*

*finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
LEWIS F. PETTIGREW
Magistrate

cc:

Angela M. Sullivan
Assistant Attorney General
Tobacco Enforcement Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215

Christopher P. Conomy
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Kimberley A. Doucher
6385 Shier Rings Road, Suite 100
Dublin, Ohio 43016

Filed March 16, 2012
To S.C. Reporter November 15, 2012